(57 South. 905.)

No. 19,156.

STATE v. JACOBS.

(Feb. 26, 1912.)

*(Syllabus by Editorial Staff.)*

MINORS—JUVENILE COURT — JURISDICTION— "PROTECTION OF CHILDREN."

Act No. 83 of 1908, as amended by Act ·No. 48 of 1910, § 3, created the juvenile court, and provided that it should have jurisdiction of the trial of all children under 17 charged as neglected or delinquent children, except for capital crimes, and of all persons charged with contributing to the neglect or delinquency of children under 17, or with a violation of any law then in existence or thereunder enacted for the protection of the physical, moral, or mental well-being of children, not punishable by death or hard labor, together with all cases of de- sertion or nonsupport of children by their par- ents. *Held,* that such courts had no jurisdic- tion to try accused for an assault committed on a delinquent minor child; the expression "law enacted for the protection of children" being limited to those laws relating to their physical, moral, and mental well-being, not including gen- eral laws prohibiting assault and battery, af- fecting both adults and children.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. § 18;* Reformatories, Cent. Dig. § 7.

For other definitions, see Words and Phras- es, vol. 6, pp. 5741, 5742.]

Breaux, C. J., dissenting.

Appeal from Juvenile Court, Parish of Or- leans; Andrew H. Wilson, Judge.

Mose Jacobs was convicted of assault on a delinquent child by the juvenile court of the parish of Orleans, and he appeals. Reversed.

Chandler C. Luzenberg and Chas. F. Engle, (Jno. S. Boatner, of counsel), for appellant. St. Clair Adams, Dist. Atty., Warren Doyle, Asst. Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., for the State.

PROVOSTY, J. The accused was found guilty and sentenced in the juvenile court of the parish of Orleans upon the following af- fidavit:

"That on the 23d day of September, 1911, being in the parish of Orleans aforesaid, and within the jurisdiction of the juvenile court of said parish, one Mose Jacobs did then and there, in 827 Carondelet street, willfully and maliciously, and without cause or provocation, assault and beat one Esther Sharples, a minor child, aged 16 years, residing at 1933 Bordeaux street. The said Esther Sharples being a de- linquent child."

The accused has appealed, and urges, among other reasons why the judgment against him should be set aside, that the juvenile court was without jurisdiction to try the case.

The juvenile court, as its name implies, is a court of special jurisdiction, designed to deal with juvenile humanity. It was created by Act No. 83, p. 96, of 1908, as amended by section 3 of Act. No. 48, p. 72, of 1910, which reads:

"Be it further enacted, etc. The juvenile court in the parish of Orleans, and the district courts outside of said parish, sitting as juvenile courts, shall have jurisdiction of the trial of all children under seventeen years of age who may be charged in said courts as neglected or delinquent children, except for capital crimes, and of all persons charged with contributing to the neglect or delinquency of children under seventeen years of age, or with a violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children not punishable by death or hard labor.

"Said courts shall have jurisdiction of all cases of desertion or nonsupport of children by either parent."

Jurisdiction is here given in four categories of cases:

(1) Those of neglected or delinquent children.

(2) Those of persons contributing to the neglect or delinquency of neglected or delinquent children.

(3) Those of persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral, or mental well-being of children.

(4) Those of desertion or nonsupport of children.

Clearly the case of the accused does not fall within either the first, second, or fourth of these categories, as he is not charged, either with being a delinquent child, or having contributed to the neglect or delinquency of any neglected or delinquent child, or of having deserted or failed to support a child. Does it fall within the third of these categories?

We have no hesitation whatever in saying that the laws which are meant to be referred to by the expression of "any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children" are not the laws enacted for the good of society in general, such, for instance, as the law which makes assault and battery a crime, but only those laws having special reference to the protection of children, such as statutes regulating the custody and care of children, their employment and admission to places of amusement and other places supposed to be subversive of the morals of children, the sale of prohibited articles to them, etc. There is in our statute books quite a body of these laws, and the prevailing tendency is to the enactment of a great many more.

The expression "laws enacted for the protection of children," in the connection in which we here find it, is the equivalent of the expression "laws enacted with a view specially to the protection of children."

In fact, the expression is even less general than we have here given it. It does not say, in general terms, the protection of children, but "the protection of the physical, moral or mental well-being of children." By this qualification, the intention to designate those laws enacted specially with reference to children is, we think, unmistakably indicated. Assault and battery is not such a law, but is a general law, having reference to adults as much as to children; and therefore the juvenile court had no jurisdiction of the present case.

Judgment set aside, and the accused ordered to be discharged without day.

His honor, the CHIEF JUSTICE, dissents.