IN THE MATTER OF THE APPLICATION OF H. B. BLACKEY FOR A WRIT OF HABEAS CORPUS FOR AND IN BEHALF OF HIS MINOR SON, LAWRENCE BLACKEY.

(208 N. W. 238.)

**Juvenile Court Act — court has power only given it by law.**

1. The district court, acting under the Juvenile Court Act, chapter 23, Code of Criminal Procedure, Compiled Laws 1913, has only such power as is given to it by that statute.

**Juvenile Court Act — delinquent children wards of state subject to care of juvenile court till eighteen years old.**

2. The Juvenile Court Act which provides, "that all dependent, neglected and delinquent children under the age of eighteen years, shall for the purpose of this act be considered wards of this state and their persons shall be subject to the care, guardianship and control of the courts as hereinafter provided," clearly makes delinquent, neglected, and dependent children wards of the state

and subjects them to the care, guardianship and control of the juvenile court until they are eighteen years of age.

**Habeas corpus — writ of habeas corpus will issue to relieve child over twenty years old from sentence suspended for nearly four years when attempt is made to commit him to reform school under such suspended sentence.**

3. A juvenile court has no authority in law, to revive a sentence to the reform school that has been suspended for nearly four years, and to commit the delinquent child who is now more than twenty years old to the reform school. Such action is without jurisdiction and void and a writ of habeas corpus will issue, but without prejudice to the right of the state to prosecute the defendant before a tribunal or competent jurisdiction for any criminal offense with which he may be charged.

Opinion filed March 16, 1926.

Habeas Corpus, 29 C. J. § 46 p. 53 n. 28; § 197 p. 177 n. 59. Infants, 31 C. J. § 5 p. 987 n. 34; § 7 p. 989 n. 70, 83; § 9 p. 990 n. 98, 2; § 227 p. 1103 n. 66; § 243 p. 1111 n. 68.

Original application for issuance of writ of Habeas Corpus. Writ granted.

*Cuthbert & Adamson,* for petitioners.

*S. W. Thompson,* for the State.

BURKE, J. In the juvenile court in and for Ramsey county in September, 1922, Lawrence Blackey was adjudged to be a delinquent child under eighteen years of age and was committed to the state industrial school at Mandan, North Dakota. The order of commitment was suspended; Blackey was paroled and placed in the custody of County Judge Swenson, a juvenile officer, who allowed Blackey to remain at home.

On February 18, 1926, the judge of said court made another order and after giving reasons therefor stated, "I therefore revoke the suspension of sentence passed in this court in September, 1922, and that sentence is going into effect from this time on." "In other words I commit him to the state training school in Morton county, and I appoint the superintendent of the institution his guardian while he remains an inmate of that institution." An application was made to the judge of the district court, in and for Morton county for a writ

of habeas corpus, and writ being denied the defendant applies to this court for such writ, claiming that he is being illegally deprived of his liberty, and that the action of the judge of the juvenile court in committing him to the training school, when he was no longer a ward of the state was without jurisdiction and void. This brings up the question of the jurisdiction of the juvenile court, § 11,402, Comp. Laws 1913.

"Children wards of the state. That all dependent, neglected and delinquent children *under the age of eighteen years,* shall, *for the purpose of this act only,* be considered wards of this state and their persons shall be subject to the care, guardianship and control of the court as hereinafter provided."

This section limits the jurisdiction of juvenile court to *children under the age of eighteen years,* that is, only children under eighteen years of age are wards of this state, and their persons are subject to care, guardianship and control of the court.

Section 11,403 defines, "dependent child" as *one under eighteen years of age.*

Section 11,409 provides, that if· the court shall find any child *under the age of eighteen* to be dependent, or neglected and if the parents, guardian or custodian of such child, are unfit or unwilling to care for, protect, or discipline such child and that it is for the best interest of the child, the court may make an order appointing as guardian a reputable citizen and order such guardian to place such child in some family home, or the court may enter an order committing such child to some suitable institution, training school or industrial school, or the reform school of the State of North Dakota.

Under § 11,402 the juvenile court has jurisdiction over the child only while it is a ward of the state, and it is a ward of the state until it is eighteen years of age.

Section 11,411 relating to delinquent children, provides, that if the court shall find any *child under eighteen years* to be delinquent within the meaning of the act, among other things the court may appoint a juvenile officer guardian, and permit the child to remain at home, or place in a suitable family home, or boarded out in some suitable home, or the court may commit such child to any institution incorporated under the laws of this state, to care for delinquent children, or any

institution that has been or may be provided by the state, county, town, or village.

Section 11,410 provides that the court shall appoint the president or secretary or superintendent of such institution or association, guardian over the person of such child, and shall order such guardian to place such child in such institution or with such association whereof he is such officer, and to hold such child, care for, train, educate it, subject to the rules and laws that may be in force and to the supervision and further orders of said juvenile court. This applies to any institution or home in which the child might be placed and is subject to the supervision and further orders of the court. The supervision and further orders cannot go beyond the term of the stewardship of the state which terminates when the child reaches the age of eighteen years.

The district court, acting under the juvenile court act, chapter 23, Code of Criminal Procedure, Comp. Laws 1913, has only such power as is given to it by that statute. Re Songer, 65 Colo. 460, 177 Pac. 141; Colias v. People, 60 Colo. 230, 153 Pac. 224; United States v. West, 34 App. D. C. 12; Zinkham v. Linaweaver, 34 App. D. C. 19; State v. Jacobs, 130 La. 245, 57 So. 905; State v. Rose, 125 La. 1080, 52 So. 165; Juvenile Ct. v. State, 139 Tenn. 549, 201 S. W. 771, Ann. Cas. 1918D, 752; Ogden v. State, 162 Wis. 500, 156 N. W. 476; Brown v. Sellers, 53 App. D. C. 378, 292 Fed. 655.

A careful examination of the act discloses no provision authorizing the court to commit a child to the reform school until it is twenty-one years of age. The word "Minority" appears only in § 11,425 which reads as follows: "Nothing in this act shall be construed to give the guardian under this act the guardianship of the estate of the child or to change *the age of minority for any other purpose except the custody of the child."* "Minority" is defined by § 4335, under which, a minor is a male under twenty-one years of age and a female under eighteen years of age. It follows that if there is a change of the age of minority for the purpose of custody only, it is from twenty-one years to eighteen years in the case of males, and no change in case of females. If it was the intention of the legislature to give the court jurisdiction over the child until it became twenty-one years of age, such a section would be unnecessary and instead, there would be a direct provision,

granting jurisdiction over delinquent children until they are twenty-one years of age, as many of the states have done. A direct grant is necessary for it cannot be extended by implication. Section 11,425 is intended as a saving clause to prevent a conflict between that section, and § 4335, Comp. Laws 1913.

The juvenile act of the state of Washington, which is very much like our statute, is construed in the case of Re Lundy, 82 Wash. 148, 143 Pac. 885, Ann. Cas. 1916E, 1007, in which the court said, "The scope of the act is determined by its first section which . . . reads as follows: 'Section 1. This act shall be known as the "juvenile court law" and shall apply to all minor children under the age of eighteen years who are delinquent or dependent. . . . For the purpose of this act only, all delinquent and dependent children . . . shall be considered wards of this state, and their persons shall be subject to the custody . . . and control of the court as hereinafter provided.' " The court then continues to point out that every section relating to the acts which make children delinquent or dependent, is limited to children under eighteen years of age, and then continues, "moreover, the very next sentence of the act omits the word 'minor' and says, 'for the purposes of this act the words 'dependent child,' shall mean any child, under the age of eighteen years,' thus defining its own terms. The same omission occurs again in subdivision .18 of this section. In defining the words 'delinquent child,' as including 'any child under the age of eighteen years,' etc. Clearly the age is the controlling element, not the minority." Under a statute giving the juvenile court jurisdiction over neglected and delinquent children, they being defined by the statute as those seventeen years of age and under, it is held: That the court had no jurisdiction over minors who are above the age of seventeen but had not reached the age of eighteen. State v. Lanassa, 125 La. 687, 51 So. 688; Arrendell v. State, 60 Tex. Crim. Rep. 350, 131 S. W. 1096; De Kay v. Oliver, 161 Iowa, 550, 143 N. W. 508.

The juvenile court act in many states provides that the jurisdiction which the juvenile court acquires shall continue until the child reaches the age of twenty-one. In such states the juvenile court retains jurisdiction over the child until it is twenty-one years of age. There is no such provision in the juvenile court act in this state and it follows

that the defendant was not a ward of the state after he reached the age of eighteen years, and was no longer subject to the jurisdiction of the juvenile court.

There is no contention that the defendant has been convicted of a criminal offense in the district court and is held under sentence therefor; the sole basis for his detention is that he is held as a delinquent child under the juvenile court act. Moreover the record affirmatively shows an absence of jurisdictional facts held necessary, in the case of Ex parte Solberg, 52 N. D. 518, 203 N. W. 898.

Revoking parole and committing the defendant to the training school at Mandan, North Dakota, was without jurisdiction and void. The writ of habeas corpus is granted without prejudice to the right of the state to prosecute the defendant before a tribunal of competent jurisdiction, for any criminal offense with which he may be charged.

CHRISTIANSON, Ch. J., and BIRDZELL and JOHNSON, JJ., concur.

NUESSLE, J. (specially concurring). While I agree with the ultimate conclusion reached by my associates in the foregoing opinion written by Mr. Justice Burke, I do so only because I believe that the case is controlled by Ex parte Solberg, 52 N. D. 518, 203 N. W. 898. I cannot agree with that part of the opinion upon which ¶¶ 2 and 3 of the syllabus are based. The Juvenile Court Act must receive a practical construction, otherwise its beneficent purposes will be largely defeated. I cannot believe that in this enactment the legislature contemplated that the court shall have the right to proceed in the manner therein prescribed up to the very moment when dependent, neglected, and delinquent children become eighteen years of age, and that the moment they attain that age the court is not only divested of its right to treat them as juveniles, but that whatever orders the court may have made providing for their welfare consistent with the best interests of the state shall eo instante become ineffective and void. Throughout the whole act there appears a consistent legislative intention to harmonize the act with other statutory provisions relating to boys and girls under the age of twenty-one years. As I read § 11,425 referred to in the majority opinion, this section was intended to enable the court to care for all juveniles alike, regardless of sex, and had the

effect of changing the age of minority for girls to twenty-one years instead of changing the age of minority of boys to eighteen years for the purposes of the act. Such an intention is consistent with § 11,282. Section 11,425 has no other purpose than to make certain that the court shall have power under the act to provide in the exercise of its juvenile jurisdiction for the welfare of such minors until they shall attain the age of twenty-one years.