MARTHA GORE, as Judge of the Juvenile Court of Orange County, v. CHRISTINE CHAPMAN, a minor, by her next friend, Hudson Garren.

196 So. 840

Division A

Opinion Filed June 21, 1940

*Murray W. Overstreet* and *Sam E. Murrell,* for Plaintiff in Error;

*Jack H. Kline,* for Defendant in Error.

Thomas, J.—The judge of the ninth.judicial circuit issued a writ of prohibition directed to the judge of the juvenile court of Orange County commanding her to refrain from assuming any jurisdiction of one Christine Chapman, for whom the petition was filed by a "next friend."

His order followed a hearing on a third amended suggestion for the writ and an answer to it. That the points of law involved may be more easily understood we will give a resume of admitted and controverted facts alleged in these pleadings.

It was undenied that the minor had passed the seventeenth anniversary of her birth, was under no criminal charge and had not been adjudged a delinquent child. Admitted, too, were the statements that the minor became a ward of the juvenile court at the age of fourteen and had been the subject of several other orders including one entered in February, 1939, "restoring" legal custody of her person to that court until she should become twenty-one years of age; that later she was haled into that court and told that she should" * * * return immediately to her parents * * * or to be married immediately * * *" and that during the same month the judge wrote the minor's parents in an attempt to control her actions.

Issue was formed on the allegations that the minor was not a dependent child and the assertion made in the answer

that she had been adjudged one before she became seventeen years old. She was averred to be "homeless, without proper parental care" and to be residing in a place approved by the court. The respondent judge refused the charge that she had exceeded her jurisdiction, her position having been that although Section 3684 C. G. L. 1927 applied only to children fewer than seventeen years of age, the court having assumed to act before that age was reached, could continue until the minor should become twenty-one.

By way of further answering the petition, the respondent detailed the history of the litigation in the juvenile court from the year 1935 when the minor first appeared there.

She was declared dependent and was committed to the parental home of the county. Later she was restored to the custody of the court and then committed to a private family. After respondent became judge of the court she placed the minor in the custody of "Fair Oaks" and entered successive orders committing her to other homes because of her conduct and was then contemplating another order for the same purpose.

From all of which, and from the briefs and arguments, we glean the question: will jurisdiction attaching under the cited statute continue after a minor becomes seventeen?

Of course, primarily the question is one of jurisdiction, else it would not find its way here by way of proceedings in prohibition, and any authority exercisable by the judge of the juvenile court must find its source as well as its limitations in the statute, enacted under Article V, Section 1, creating it.

It was at first given original jurisdiction to hear, determine and adjudicate all cases affecting children as defined in Chapter 6216 of the Acts of 1911 (Chapter 8488) and in 1939, by an Act which became effective after the court

first undertook the direction of the minor's welfare and after she had become seventeen years of age the jurisdiction was described as extending to dependent and delinquent children who had "not attained the age of seventeen years" and to all cases relating to such children then or thereafter defined by law.

. The first sentence of the first section of Chapter 6216, *supra*, Section 3684 C. G. L. 1927, is simple: "This Chapter shall apply only to children less than seventeen years of age." The law is comprehensive and by its title was intended to regulate the treatment, care, education, protection, support and adoption of dependent and delinquent children but by its very first sentence the field of operation was confined to those children *only* who had not yet reached the age we have given.

. It is not .clear to us how the jurisdiction once fastened upon a person within the limitation could be extended thereafter until the attainment of majority. Stated otherwise, it would mean that the Act applied to all persons under twenty-one if jurisdiction were assumed before arriving at seventeen.

It seems established as a rule that jursidiction assumed will not be divested on the happening of subsequent events, however, it is not infallible. The courts deal with minors and those mentally incompetent but certainly their powers will cease upon the ward reaching his majority or upon sanity being restored. They assume supervision of infants but it would be absurd to argue that such power invoked in infancy would continue after majority had been reached.

As we read the Act in question, the age of seventeen is a definite limit and as the court was created to regulate the custody of children in that category only, when the qualification was removed orders theretofore entered became in-

effectual and the power of the court over that particular person ceased.

The provisions of the law were expressly and exclusively applicable to persons under the stated age and the motive for the creation of the court was to regulate such class of individuals so the purpose of the plan and the jurisdiction of the tribunal, established to bring it to fruition, coincided. As the Legislature intended to affect a stated class the court set up for the furtherance of the scheme could not expand its powers beyond the same class contemplated by its creator.

We have treated of this subject as a proposition of law without regard for the efforts and intentions of the judge, however laudable they may be. It is simply a matter of jurisdiction and we adopt the view that the circuit judge reasoned well and decided correctly when he restrained further control of the minor by the juvenile court.

This was the view adopted by the Supreme Court of North Dakota in a case more nearly resembling the one at bar than any we have examined on the subject. *Ex Parte Blackey,* 53 N. D. 852, 208 N. W. Rep. 238.

Affirmed.

TERRELL, C. J., and BUFORD, J., concurs.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.