STATE OF TENNESSEE ex rel. JACK HYATT, Petitioner,

*v.*

LYNN BOMAR, Warden, Tenn. State Penitentiary, Respondent.

358 S.W.2d 295.

(*Nashville,* December Term, 1961.)

Opinion filed June 5, 1962.

VINCENT E. WEHBY, Nashville, for petitioner.

GEORGE F. McCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General, Nashville, for respondent.

MR. SPECIAL JUDGE TOMLINSON delivered the opinion of the Court.

Hyatt's petition for the writ of habeas corpus is based on the allegation that he is being illegally deprived of his liberty by the Warden of the Penitentiary. He seeks an adjudication to that effect and an aiding order directing his release.

From the action of the trial court denying his application Hyatt has appealed to this Court. The case was heard on bill and answer, so to speak, all facts by reason of these pleadings being agreed to.

When Hyatt was approximately 17 years of age he entered a plea of guilty in the Juvenile Court of Sullivan County to the charge of burglary. That Court ordered his confinement in the State Vocational Training School for Boys at Jordonia. After a few months he made his escape, remained an escapee for about thirteen months. During at least a part of this escape period he was confined by some juvenile court in Kentucky, in one of its juvenile institutions, presumably because of some offense against the Kentucky Law.

Hyatt was returned to the Tennessee Vocational School on April 28, 1960. On April 30, 1960, the Tennessee Commissioner of Correction formally declared him an incorrigible youth and, as authorized by law when he, the Commissioner, considered that status of the juvenile to prevail, he caused Hyatt's transfer to the State Penitentiary at Nashville. (Sec. 41-817 T.C.A.)

Upon Hyatt's plea of guilty in the Juvenile Court of Sullivan County, that court committed him to this juvenile vocational school until he should become ''21 years of age.'' Hyatt attained that age on January 7, 1962, after he was returned to the school on April 28, 1960.

Based upon the fact that the order of the juvenile court directed this juvenile's confinement in the juvenile vocational school until he became ''21 years of age,'' coupled with the further fact that he had reached that age on January 7, 1962, Hyatt applied for a release from the Penitentiary, on the theory that the term of confinement ordered by the Juvenile Court had expired on January 7, 1962. That was the date of his 21st birthday.

The Warden denied the application on the theory that, notwithstanding the fact that Hyatt had reached his 21st

birthday on January 7, 1962, he must, nevertheless then serve the thirteen months that he, as an escapee, remained away from the school.

The Warden's response or answer to Hyatt's petition was that the confinement of Hyatt after he reached his 21st birthday was authorized and required by 39-3811 T.C.A. The hearing judge denied Hyatt's application by reason of that Code Section, "and the general law applicable to the entire record."

The reply brief of the State in this Court commendably concedes that Code Section 39-3811 is not applicable, but, with considerable resourcefulness, apparently in keeping with what it quite understandably considers the equities of the situation says in its brief, and in oral argument, that the common law rule on the subject remains in full effect in this State, it not having been expressly repealed within the premises here as to the juvenile court; and that under this common law rule, the further retention of Hyatt to a period equal to the time he remained an escapee is justified.

Whatever may be the merits of the aforestated contention of the State, as to other situations, this Court's view is that such insistence is not applicable here. A juvenile court was entirely unknown to the common law.

In *Juvenile Court of Shelby County v. State ex rel. Humphrey,* 139 Tenn. 549, 555, 201 S.W. 771, 772, it was held:

"The juvenile court is a court of special and limited jurisdiction * * *

"Great powers are lodged in the juvenile court in its particular field, and proceedings there should be conducted according to the mandates of the statute."

As will hereinafter appear, the mandate of the Tennessee statute is that the jurisdiction of the Tennessee Juvenile Courts over the person of the individual shall end with the attainment by this person of the age of twenty-one years.

Under the title "Infants" in 43 C.J.S. sec. 6 Pages 53-54, the text, citing many decisions in support, is this:

"A juvenile court * * * is a statutory tribunal * * *. Generally, in states where such courts exist, they have jurisdiction over matters relating to the care, control and custody of infants, but can exercise such jurisdiction and powers only as have been conferred on them by the statute creating them; and jurisdiction must be strictly construed, *and cannot be enlarged* by a provision in the statute requiring the statute to be liberally construed, so that its purposes may be carried out." (Emphasis supplied.)

Whatever authority the Warden has to imprison Hyatt in this case is derived solely from the order of the Juvenile Court of Sullivan County, and the statute creating that court and defining its powers and jurisdiction. By 37-263 T.C.A. Supplement it provided that when the juvenile court has obtained jurisdiction and control of such child * * * until he or she shall have reached the age of twenty-one years.

*"In no case shall a child be committed by a juvenile court beyond the age of twenty-one (21) years."* (Emphasis added.)

It would seem to follow, ipso facto, that the Warden is without authority to extend his commitment of Hyatt for a length of time beyond his 21st birthday. The statute

does not give the juvenile court authority to extend his confinement beyond his 21st birthday for escaping. Hence, the Warden is vested with no authority. His authority stems solely here from the juvenile statute.

The only remedy available to the State, under this statute, in a situation akin to the one at Bar, is that afforded by Section 37-264 T.C.A. Supplement dealing with the powers and jurisdiction of Tennessee's Juvenile Courts. That section provides that when a child sixteen, or over, years, has been adjudged delinquent by the juvenile court, and committed to an appropriate institution, and such child thereafter commits "an act which the committing court, upon petition from the superintendent of the institution, finds to be * * * disruptive of the program of the institution" then thereafter if this child commits what would have been a felony or misdemeanor, had he been an adult, "the court may waive jurisdiction and commit the child to the processes of the criminal court" for prosecution and sentencing as an adult.

That, of course, has not been done in the instant case. The Juvenile Court Act provides no other remedy. For this Court to so do would be for it to enact legislation by judicial decree. It ought never to do this.

That which has hereinbefore been quoted from the text of C.J.S. is likewise stated to be the law in the text of 31 A.J. Page 317 under the subject "Juvenile Courts, etc." There the last sentence of paragraph 39 is that,— "Thus, it is not within the court's power to extend the age limit of the statute even under the rule of liberal construction."

In the Florida case of *Gore v. Chapman*, 143 Fla. 438, 196 So. 840, 841 (a case not on all fours in every respect

with the case at bar) the court in the closing section of its opinion makes this observation:

Juvenile Courts "assume supervision of infants, but it would be absurd to argue that such power invoked in infancy would continue after majority had been reached."

This Court thinks the word "absurd" may be an over-statement, but it also is of the opinion that an insistence that such jurisdiction is extended beyond the jurisdictional age given by the statute in respect to juvenile courts to affect punishment for a misdemeanor is not a well taken insistence.

A like conclusion is reached in the Oklahoma case of *Ex parte Lewis,* 85 Okl.Cr. 322, 188 P.2d 367, 387, in its statement that, with reference to a juvenile court:

"Its jurisdiction is narrowed by the mathematical limits of the Statute. Beyond that, it cannot go."

The brief submitted in behalf of Hyatt refers to *Childress v. State,* 133 Tenn. 121, 123, 124, 179 S.W. 643, 644, wherein this Court held that:

"Proceedings before a juvenile court do not amount to a trial of the child for any criminal offense. * * *

"The court does not try the delinquent minor for the crime. The crime being evidence of the delinquency, the court undertakes to remedy the delinquency. * * *

"The object of the commitment is not punishment, but reformation and education of the infant."

When the individual in question ceases to be an infant, then, the sole object for which the juvenile court is cre-

ated, no longer applies as to that individual. Confining him in the penitentiary thereafter can only be for a purpose not contemplated by the juvenile statute, to wit, punishment for an infraction while he was being held as an infant solely to ''Accomplish reformation and education of the *infant.*'' (Emphasis added.)

In *Harwood v. State ex rel. Pillars,* 184 Tenn. 515, 521, 201 S.W.2d 672, 674, this Court held that the provision in the Juvenile Court statute for the transfer of incorrigibles to the penitentiary ''was a matter of wise administration of an institution erected for the betterment of wayward young people, and not an added punishment for crime.'' It follows that Hyatt could no more legally be held in the penitentiary after he reached his 21st birthday, than he could have been so held in the vocational school. His detention is still due solely to the authority vested in the juvenile court by the statute creating it. That statute expressly provides, as heretofore observed, that ''in no case shall a child be committed by a juvenile court beyond the age of twenty-one (21) years.''

■ Such court simply has no jurisdiction of the person after he becomes twenty one, since its commitment was not for a penal purpose. Therefore, the Warden, whose only authority in the matter involved here, is derived from the lawful jurisdiction exercised by the juvenile court, likewise cannot extend the length of the child's commitment beyond his 21st birthday, the day he ceased to be a juvenile.

The Court thinks the State erred in holding Hyatt after he became twenty-one. The trial court, in this Court's

opinion, for the reasons herein stated, erred in not so holding.

The judgment of the criminal court will be reversed. The application for release under the habeas corpus writ will be granted, and the Warden will be directed by the decree to immediately discharge Hyatt. All costs will be adjudged against the State.

Mr. Wehby, an attorney at Nashville, was directed by the Court to represent Hyatt in these proceedings. He has complied in a superb manner. This Court is grateful to, and thanks, him for a job well done.