ON PETITION FOR WRIT OF PROHIBITION
PER CURIAM.
Petitioner has filed a petition for writ of prohibition seeking to preclude respondent from further proceedings in this cause. The petition alleges that respondent, sitting as an acting circuit court judge in the Juvenile Division of the Levy County Circuit Court, should be prohibited from exercising his jurisdiction in trying petitioner on a charge of indirect criminal contempt of court. This court, on determining that the petition stated a preliminary basis for relief, issued an order to show cause, thereby staying proceedings below.
On April 20, 1983, the petitioner pled guilty to a charge of burglary of a structure and grand theft, and was committed to the Department of Health and Rehabilitative Services with restitution to be determined by the court at a later date. The court determined that petitioner’s share of *1265 the restitution was $636.12. On April 24, 1984, the petitioner reached the age of 19. On April 25, 1984, respondent entered an order purporting to continue jurisdiction “beyond the [petitioner’s] nineteenth birthday and for an indefinite period thereafter” to enforce restitution. On October 9, 1984, the respondent issued an order to show cause why the petitioner should not be held in indirect criminal contempt for failing to pay the balance of the court-ordered restitution ($564.12). Petitioner moved to dismiss the order to show cause, which motion was denied. Petitioner then filed the instant petition.
Initially, respondent concedes the order which attempted to extend jurisdiction beyond the petitioner’s nineteenth birthday is void. Section 39.02(4), Florida Statutes (1983), provides, in pertinent part:
[W]hen the jurisdiction of any child who is alleged to have committed a delinquent act is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age.
In Gore v. Chapman, 196 So. 840, 143 Fla. 438 (1940), the Florida Supreme Court held that, as the juvenile court was created by statute, its jurisdiction is limited to that mandated by the statute.
Respondent argues that the court’s jurisdiction to issue and determine the rule to show cause is not contingent on the court’s ability to extend its jurisdiction. Rather, the contempt proceeding is based on petitioner’s refusal to make restitution, in conformance with the restitution order, which was a valid order entered prior to petitioner’s attaining majority. Respondent also contends that allowing petitioner to avoid the consequences of noncompliance with the restitution order would encourage similarly situated juveniles to disobey court orders. Finally, respondent argues that petitioner’s willful disobedience of a valid order constitutes an obstruction of justice and is contemptuous; therefore, the juvenile court may exercise its inherent power to punish said contempt.
While we agree with respondent that there is a strong public policy in favor of enforcing restitution orders, we reluctantly conclude that the Juvenile Division of the Circuit Court of Levy County has no jurisdiction over petitioner. The law in Florida seems well settled that the jurisdiction of a juvenile court over an individual ceases when that individual attains majority. See Section 39.02(4), Florida Statutes (1983); Gore v. Chapman, supra; State v. S.M.G., 313 So.2d 761 (Fla.1975); and State v. A.N.F., 413 So.2d 146 (Fla. 5th DCA 1982). A contempt proceeding is not a part of the original cause but is, in effect, a new and separate proceeding involving punishment of an offense against the court itself. Accordingly, we hold that the Juvenile Division of the Circuit Court of Levy County lost jurisdiction over the petitioner on his nineteenth birthday and is precluded from instituting contempt proceedings against him. As the only issue before us in this cause is the jurisdiction of the juvenile court, we do not address the question of whether petitioner might fall under the general jurisdiction of the circuit court, see State v. A.N.F., supra, nor do we determine whether the order of restitution became void upon petitioner’s nineteenth birthday or merely unenforceable by the Juvenile Division of the Circuit Court.
The petition for writ of prohibition is granted, although we assume that formal issuance of the writ will be unnecessary. Respondent shall take no further action in the case styled “In the Interest of C.L.D., a Child.”
It is so ordered.
MILLS, BOOTH and SHIVERS, JJ., concur.