Marguerite Lennett SCALES,
Plaintiff/Appellee,

v.

Robert Lee WINSTON, Sr.,
Defendant/Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

July 22, 1988.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 31, 1988.

Ronald W. McNutt, Williams & Dinkins,
Nashville, for defendant/appellant.

Mary Jo Middlebrooks, Middlebrooks &
Gray, Jackson, for plaintiff/appellee on appeal only.

TOMLIN, Presiding Judge, Western
Section.

Marguerite Lennett Scales (hereafter "plaintiff") filed suit in the Juvenile Division of the General Sessions Court of Madison County, seeking to have the defendant declared to be the father of her daughter. The plaintiff's complaint alleges that Alicia Winston was born to her on August 9, 1973 and that the defendant was named as the father on Alicia's birth certificate. The complaint further states that the parties were divorced on September 10, 1973 but that Alicia was not named as a child of the marriage in the final divorce decree entered on October 10, 1973. In addition to asking that the defendant be declared to be the natural father of the child, plaintiff also sought support and maintenance for the child.

The record reflects that defendant obtained a divorce from plaintiff on the ground of adultery in the Circuit Court of Davidson County in 1973. While not directly relevant to the issue here, the parties have been involved in protracted litigation in both Davidson County and Madison County since the divorce was granted. Defendant filed a motion to dismiss, asserting that the proper jurisdiction was in the Circuit Court of Davidson County. It appears that the juvenile court judge overruled defendant's motion to dismiss by implication inasmuch as there is no order in the record providing for its dismissal. In addition, the record reflects overt activity on the part of defendant's counsel in bringing the case to trial.

The case came on for trial in the juvenile court, but defendant and his counsel were absent. After considering the proof and finding defendant to be the natural father of Alicia, the court ordered defendant to

pay back child support in the amount of $150 per month from August, 1973 to January, 1987, and the sum of $525 per month as child support in the future. Three issues were raised by defendant on appeal. The dispositive issue in this case is the question of the jurisdiction of the juvenile court of Madison County to declare defendant to be the father of plaintiff's minor child. This Court is of the opinion that the Madison County Juvenile Court was without jurisdiction to entertain plaintiff's suit to establish paternity. It therefore becomes unnecessary to consider defendant's other two issues. We reverse and dismiss.

The issue of subject-matter jurisdiction can be raised in any court at any time. *See Petition of Southern Lumber & Mfg. Co.,* 141 Tenn. 325, 210 S.W. 639 (1919). It is the duty of any court to determine the question of its jurisdiction on its own motion if the issue is not raised by either of the parties, inasmuch as any judgment rendered without jurisdiction is a nullity. *Ward v. Lovell,* 21 Tenn.App. 560, 113 S.W. 2d 759 (1937). Although phrased somewhat loosely, we will treat the defendant's motion to dismiss in the trial court as one challenging the jurisdiction of that court.

■ The jurisdiction of the juvenile court is derived entirely from the statutes creating it. *State ex rel. Hyatt v. Bomar,* 210 Tenn. 249, 358 S.W.2d 295 (1962). In her brief, plaintiff relies upon two statutes which she contends confer jurisdiction of this claim on the juvenile court. The first is T.C.A. § 36–5–209(b)(3) (Supp.1988), which reads as follows:

In addition, in all proceedings hereunder in which the ultimate issue is the paternity of a child, jurisdiction shall also be vested in juvenile courts of this state.

Plaintiff's reliance upon this Code section is misplaced. Section 36–5–209(b)(3) is not a free-standing jurisdictional statute. To the contrary, it is part of the Uniform Reciprocal Enforcement of Support Act, an Act which was designed for the purpose of enforcing orders of foreign courts relating to the support of dependent children and for the modification of support orders rendered in a court of a foreign state. *See Koehler v. Koehler,* 559 S.W.2d 944 (Tenn. App.1977). The proceedings before us at this time by no stretch of the imagination involve the enforcement of a foreign support decree.

■ The second and final statute upon which plaintiff relies as jurisdictional authority is T.C.A. § 37–1–103(a)(1). It reads as follows:

37–1–103. **Exclusive original jurisdiction.**—(a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:

(1) Proceedings in which a child is alleged to be delinquent, unruly, or dependent and neglected, or to have committed a juvenile traffic offense as defined in § 37–1–146.

In seeking to establish the applicability of this Code section, plaintiff stated in her brief:

In 1981, a warrant for non support [sic] ... was issued by the State of Tennessee against the Defendant, Doctor Robert L. Winston. Upon the issuance of the warrant for non support [sic], exclusive jurisdiction was vested in the Juvenile Court.

We find no provision in § 37–1–103 that encompasses as grounds for jurisdiction the suing out of a warrant for nonsupport. Such a warrant is not comparable to an allegation that a child is "delinquent, unruly, or dependent and neglected." Each of these terms is clearly defined in the Act. The issuance of a warrant for nonsupport against the alleged father is nowhere mentioned in the Act. The statutes that confer jurisdiction on the juvenile courts, namely T.C.A. §§ 37–1–103 and 37–1–104, contain only one provision relating to paternity suits. Section 37–1–103(a)(2) gives the juvenile courts exclusive jurisdiction over "[a]ll cases to establish paternity of children born out of lawful wedlock...." Clearly, such is not the case here, for the

pleadings assert that the child was born during the final days of the marriage of the parties. Defendant cites no other statutory provisions which would confer jurisdiction of this matter on the Juvenile Court of Madison County, nor have we been able to find any.

Accordingly, the judgment of the juvenile court is reversed and plaintiff's case is dismissed. In so doing, we note that ours is not a decision on the merits and would not preclude the plaintiff from seeking relief in a court of competent jurisdiction. Costs on appeal are taxed to the plaintiff, for which execution may issue if necessary.

HIGHERS and FARMER, JJ., concur.