811 So.2d 816 (2002)
Carly CESAIRE, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D02-541.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*817 Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine LaFrance, Assistant Attorney General, West Palm Beach, for respondent.
WARNER, J.
In his petition for prohibition, Carly Cesaire argues that the juvenile court lacks jurisdiction to consider an order to show cause for contempt, because it lost subject matter jurisdiction when he turned nineteen years of age. We conclude that the trial court no longer has jurisdiction.
Petitioner, as a juvenile offender, pled to an offense of trespass. As part of his disposition, he was placed in a juvenile facility for six months and ordered to pay restitution. The order did not retain jurisdiction to enforce the restitution beyond petitioner's nineteenth birthday. See § 985.201(4)(c), Fla. Stat. (2000) (court has power to retain jurisdiction until restitution is satisfied). Petitioner turned nineteen in August 2001. Sometime after that date, petitioner was ordered to complete payment of restitution before November 19, 2001.
On November 19, 2001, petitioner was ordered to appear before the trial court on November 26th and provide proof that he paid the restitution. He failed to appear, and the court issued an order to show cause for indirect criminal contempt. The grounds for the contempt included both the failure to pay restitution and the failure to appear at the hearing. Petitioner also failed to appear at the contempt hearing, and a capias was issued for his arrest. He was picked up and incarcerated. A request for bond reduction was denied.
In January 2002, petitioner filed a motion to dismiss for lack of jurisdiction premised on the argument that the court lost jurisdiction over all of the proceedings when he turned nineteen. The court denied the motion, prompting this petition for prohibition.
"[D]isobedience of a void order, judgement, or decree, or one issued by a court without jurisdiction of the subject-matter and parties" is not contempt of court. State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666, 671 (1938) (emphasis added). However, where a judgment is only voidable, it must be obeyed until it is vacated, modified, or reversed. See Joannou v. Corsini, 543 So.2d 308, 311 (Fla. 4th DCA 1989). Nevertheless, an order entered without subject matter jurisdiction is void. See Cole v. State, 714 So.2d 479, 489-90 (Fla. 2d DCA 1998).
Jurisdiction of the juvenile court is limited to that mandated by statute. See Gore v. Chapman, 143 Fla. 438, 196 So. 840, 841 (1940). The statute provides that "[t]he circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law." § 985.201(1), Fla. Stat. (2000). Jurisdiction of juvenile proceedings is not limited by the nature of the act, as the court may deal with misdemeanors or felonies. Instead, its jurisdiction is limited by the age of the participant. Jurisdiction of the court terminates when the child attains the age of nineteen. See § 985.201(4)(a), Fla. Stat. (2000); Santos v. State, 674 So.2d 928 (Fla. 5th DCA 1996). Thus, the subject matter of proceedings relating to juveniles is children. Where the child is over eighteen years of age, jurisdiction terminates.
*818 While a juvenile court may extend its jurisdiction to complete the payment of restitution, see § 985.201(4)(c), Fla. Stat. (2000), jurisdiction was not retained in this case. Therefore, the court had no jurisdiction to enter new orders requiring the payment of restitution. See C.L.D. v. Beauchamp, 464 So.2d 1264, 1265 (Fla. 1st DCA 1985) (holding that juvenile court lacked jurisdiction to find a juvenile in contempt for failure to pay restitution once the juvenile turned nineteen).[1] Because the underlying restitution order was void for lack of jurisdiction, the order to show cause for petitioner's failure to appear at the hearings on restitution was likewise void, as petitioner cannot be compelled to obey a void order. See Everette, 179 So. at 671.
Cole v. State, is analogous to this case. In Cole, the court entered an order admitting Cole to involuntary substance abuse treatment. However, the order was not in compliance with the statutory prerequisite for commitment because the state failed to timely request an extension of the assessment period under section 397.6821, Florida Statutes (1997). The court concluded that the trial court's subject matter jurisdiction and personal jurisdiction over Cole terminated upon completion of the assessment without extensions. See Cole, 714 So.2d at 490. Therefore, the order of involuntary assessment entered after the termination of the period was void for lack of subject matter jurisdiction. See id. Similarly, in this case, the court did not retain jurisdiction, as it could have by statute. Therefore, any action taken by the juvenile court after petitioner's nineteenth birthday was void for lack of subject matter jurisdiction.
We would also note that when petitioner was arrested on the contempt charge he was treated as an adult, incarcerated, and required to post a bond for his release (which he apparently has been unable to do, resulting in two months of confinement). Were the judge exercising jurisdiction under Chapter 985, the court would be required to follow section 985.216(2)(a), Florida Statutes (2000), which would limit his detention to a "secure facility" and not for more than five days for his first offense. Obviously, those provisions were not followed. Therefore, jurisdiction under Chapter 985 was not being exercised.
For these reasons, we conclude that the court lost subject matter jurisdiction with respect to the juvenile proceedings. While we certainly do not condone petitioner's failure to appear at the hearings, he has been punished significantly by his prehearing incarceration. We grant the writ and order petitioner's immediate release.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] In Richter v. State, 629 So.2d 157 (Fla. 4th DCA 1993), we held that felony court loses jurisdiction to modify or extend probation to make restitution after the probation period has expired.