849 So.2d 458 (2003)
J.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1029.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
*459 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
On June 29, 2001, J.D., a juvenile charged with vandalizing a community pool, was adjudicated to six months of probation including 100 hours of community service and ordered to pay restitution. At the restitution hearing in September of 2001, the victim proffered damages of $2,513.17, but the Special Master reset the hearing for November 29, 2001 due to the absence of J.D. Miscommunication ensued, and in October the Dept. of Juvenile Justice ("DJJ"), overlooking the fact that restitution had not been completed, entered a progress report recommending that probation be terminated. In apparent reliance on the DJJ's recommendation, the court terminated J.D.'s probation on October 18, 2001 without reserving jurisdiction for the purposes of restitution. On November 29, 2001, the oversight of the earlier order became known, and the court vacated that order expressly reserving jurisdiction for the purposes of imposing restitution.
In the November 29 order, the court improperly accepted the State's reliance on the grounds of a "scrivener's error" to vacate the October 18 order. The State is permitted to move for a correction of error if the correction would benefit the child or correct a scrivener's error. Fla. R. Juv. P. 8.135(b). However, this mistake is not a scrivener's error. See Ashley v. State, 850 So.2d 1265, 1268 n. 3, 2003 WL 60564 at *3 n. 3 (Fla. Jan.9, 2003)(scrivener's error refers to "clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution," i.e., "a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record, but not those errors that are the result of judicial determination or error") (citations omitted). Nevertheless, the court had authority to vacate the October 18 order under Florida Rule of Juvenile Procedure 8.140, which provides: "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from an order, judgment, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, *460 or excusable neglect..." This provision is broad enough to allow the court to set aside the October 18 order in this case.[1] The correction of such an error which appears to produce the most just result is permissible.
Notwithstanding the court's ability to vacate an order on the ground of mistake, the court must still have jurisdiction over a juvenile to enter an order. As a general rule, the jurisdiction of the juvenile court in a delinquency case ceases when the child attains nineteen years of age. § 985.201(4)(a), Fla. Stat. (2001). This principle is slightly expanded for restitution purposes:
The court may retain jurisdiction over a child and the child's parent or legal guardian whom the court has ordered to pay restitution until the restitution order is satisfied or until the court orders otherwise. If the court retains such jurisdiction after the date upon which the court's jurisdiction would cease under this section, it shall do so solely for the purpose of enforcing the restitution order.
§ 985.201(4)(c), Fla. Stat. Although the November 29 order preceded J.D.'s 19th birthday on December 8, by nine days, all the order did was vacate the earlier order and merely reserved jurisdiction for restitution purposes. The court failed to enter a restitution order before J.D.'s 19th birthday, and therefore no restitution order can be enforced. The trial court's jurisdiction subsequent to J.D.'s 19th birthday was restricted to enforcing (restitution) orders already in effect; the court lacked jurisdiction to enter an order setting the amount of restitution, or any order for that matter, after J.D. reached nineteen years of age. See Cesaire v. State, 811 So.2d 816 (Fla. 4th DCA 2002)(court lacked jurisdiction to enter new orders requiring the payment of restitution after juvenile's 19th birthday where court failed to retain jurisdiction to enforce previously entered restitution order.) Although this issue was not raised at the initial restitution hearing below, a lack of jurisdiction constitutes fundamental error from which this court may grant relief even when presented for the first time on appeal. See, e.g., Holiday v. State, 753 So.2d 1264, 1269 (Fla.2000) (fundamental error analysis should be restricted to rare cases where a jurisdictional error occurs or the interest of justice are compelling); Saka v. Saka, 831 So.2d 709 (Fla. 3d DCA 2002); see also Cesaire, 811 So.2d at 817. In sum, the juvenile court could not enter an enforceable order after J.D. attained the age of nineteen years, and its subsequent order approving the Special Master's restitution order is void.
J.D. also appeals the portion of the restitution order which assessed $418 to compensate the victim for the expense of hiring security guards to oversee the repairs made to the pool that J.D. had damaged. Specifically, he contends this expense was not causally connected to his criminal act. The court is permitted to order restitution to the victim for "damage or loss caused directly or indirectly by the defendant's offense," section 775.089(1)(a), Florida Statutes (2001), and the court seemed to be within its discretion to order such restitution. *461 However this issue is moot due to the void restitution order.
REVERSED.
WARNER and GROSS, JJ., concur.
NOTES
[1] The Florida Criminal Procedure Rules do not contain a corresponding provision to Florida Rule of Juvenile Procedure 8.140, but Florida Rule of Civil Procedure 1.540(b)(1) closely mirrors Florida Rule of Juvenile Procedure 8.140. See Everett v. Fla. Transp. Servs., Inc., 744 So.2d 1038, 1039 (Fla. 4th DCA 1999)(this rule allows correction of a mistake of fact, but not a mistake of law or tactics; judicial error such as a mistaken view of the law is not subject to a correction under this rule.).