IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 18, 2005 Session

## LINDA SMALLWOOD, ET AL. v. JESSICA MANN

Direct Appeal from the Juvenile Court for Gibson County
No. 7197     Christy R. Little, Judge

No. W2004-02574-COA-R3-JV - Filed July 19, 2005

This appeal arises from a petition to establish visitation filed by the paternal grandparents on behalf of themselves and the father of the minor child. Following a hearing, the juvenile court entered an order wherein it found that the grandparents had failed to establish the statutory requirements for grandparent visitation. The juvenile court granted the father shared parenting time. However, the order provided that, if the father was unable to exercise his visitation for one full month due to his service in the military, the grandparents were granted the power to exercise the father's visitation for the last full weekend of any such calendar month. From this order, the mother appeals. For reasons stated herein, we reverse in part, affirm in part, and remand the judgment of the juvenile court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed in part; Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

William D. Bowen, Milan, Tennessee, for the appellant, Jessica Mann.

Mark L. Agee and Jason C. Scott, Trenton, Tennessee for the appellees, Linda Smallwood and William Smallwood on behalf of John Smallwood.

**OPINION**

I.

On January 18, 2000, Caleb Neal Mann ("Caleb" or the "Child") was born out of wedlock to Respondent/Appellant Jessica Mann ("Ms. Mann" or "Mother"). Pursuant to an agreed parentage order entered by the juvenile court on August 31, 2001, Co-Petitioner/Appellee John Smallwood

("Mr. Smallwood" or "Father") was declared to be the biological father of Caleb.[1] A visitation schedule was not established in the agreed parentage order.

This matter originally began after Father executed a durable power of attorney in favor of Co-Petitioner/Appellee Linda Smallwood ("Grandmother"), which, among other things, purportedly granted Grandmother the authority to bring legal actions in Father's name. At the end of 2002 or the beginning of 2003, Father began a four (4) year commitment with the United States Navy. In March of 2003, acting under the power of attorney, Grandmother filed her *pro se* Petition for Visitation, requesting visitation rights for Father, as well as for herself and her husband, Co-Petitioner/Appellee William Smallwood ("Grandfather," or collectively with Grandmother, the "Grandparents" or the "Smallwoods"). Without conducting a formal hearing, the juvenile court entered an order granting Father standard visitation. In addition, the juvenile court ordered that the Grandparents were allowed to exercise Father's visitation while he was deployed with the armed forces. From that order, Mother filed a Rule 10 application for extraordinary appeal, which this Court granted. By order, we subsequently reversed the juvenile court's order and remanded the case for further proceedings. Additionally, we disqualified the juvenile court judge from further proceedings. The Tennessee Supreme Court subsequently assigned the Honorable Christy R. Little, Juvenile Court Judge of Madison County, to preside over this matter to its conclusion.

Subsequently, the Smallwoods retained counsel. Through counsel, on August 6, 2003, the Smallwoods filed their Motion to Set Specific Visitation. The matter was heard on March 15, 2004.[2] At the conclusion of the trial, the juvenile court entered an order finding that the statutory requirements for grandparent visitation had not been met, thus effectively denying the Grandparents' request for visitation. The juvenile court then granted Father shared parenting time. However, in its order, the court provided that, if Father was unable to exercise his visitation for a period of one calendar month, the Grandparents would be entitled to exercise his visitation for the last full weekend of any such calendar month.

From the order of the juvenile court, Mother appeals and presents, as we perceive them, the following issues for our review:

(1)    Whether the juvenile court's order awarded visitation rights to the Grandparents, and

(2)    If the lower court's order in fact awarded the Grandparents visitation rights, whether the juvenile court lacked subject matter jurisdiction to order such visitation rights.

---

[1] Pursuant to the same order, Caleb's last name was changed to Mann-Smallwood.

[2] At the time of the hearing, Father was approximately one and one-half (1½) years into his four (4) year commitment with the United States Navy.

For the reasons stated more fully herein, we reverse in part and affirm in part the order of the juvenile court.

II.

Mother's primary argument is two-fold. First, Mother asserts that the provision of the order, wherein the juvenile court effectively awarded the Grandparents contingent visitation rights, was an invalid granting of such rights, in view of the court's express finding that "the statutory requirements for independent grandparents visitation ha[d] not been met." Next, Mother insists that the juvenile court lacked subject matter jurisdiction to address the issue of grandparent visitation.

The Smallwoods, on the other hand, argue that the juvenile court's order was not an award of grandparent visitation, but rather was an award of specific visitation for Father. Essentially, the Smallwoods contend that the order provided the Grandparents with no enforceable rights independent of Father's rights of visitation. Therefore, so the argument goes, the juvenile court merely "assigned" Father's rights of visitation in the event he was unable to exercise those rights. The Smallwoods insist that "grandparent visitation" is not the issue in this case, and, therefore the statutes governing grandparents' visitation rights are not applicable. *See* Tenn. Code Ann. §§ 36-6-306 to -307 (Supp. 2004). Rather, the Smallwoods contend that section 36-6-301 of the Tennessee Code provides the juvenile court with authority to order that members of Father's family shall be entitled to exercise his visitation in order to "enable the child and the non-custodial parent to maintain a parent-child relationship. . . ." Tenn. Code Ann. § 36-6-301 (2001).

This matter was tried by the juvenile court sitting without a jury. Consequently, insofar as the lower court's decision rests on findings of fact, our standard of review is *de novo* upon the record with a presumption of correctness, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d) (2004); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "To the extent that the determination of the issues rests on statutory construction, they present questions of law." *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). We review the trial court's conclusions on questions of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d).

Before addressing the issue of subject matter jurisdiction, we must necessarily determine whether the court's order in fact awarded grandparent visitation or whether, as the Smallwoods contend, the award was simply one of "standard" visitation rights. The first finding in the juvenile court's order was that the Grandparents had failed to establish the statutory requirements for "independent" grandparent visitation. Accordingly, the lower court "denied" the petition for "independent" grandparent visitation. The Grandparents have not appealed this finding. Therefore, we conclude that the evidence failed to meet one or both of the prongs required for grandparent visitation. *See* Tenn. Code Ann. §§ 36-6-306 to -307 ("substantial harm to the child" and "best interests"). However, notwithstanding the express finding that the Grandparents had failed to establish the elements required for visitation, the juvenile court ordered that the Grandparents would be entitled to visitation upon the contingency of Father being unable to exercise his visitation for one

-3-

full month. While we are certainly sympathetic to the positions of Father and the Grandparents, we are unable to find authority for the action of the juvenile court. We conclude that the action taken by the juvenile court was indeed an award of grandparents' visitation rights. Therefore, such an order granting visitation rights to the Grandparents may not stand in the face of an express finding that the statutory requirements for granting such a petition had not been met.

Furthermore, we do not agree with the Smallwoods' strained reading of section 36-6-301 of the Tennessee Code. Section 36-6-301 provides authority for the court to award visitation to a non-custodial parent, not a minor child's grandparents. Tenn. Code Ann. § 36-6-301. Visitation rights of grandparents are governed by sections 36-6-302, -306 and -307 of the Tennessee Code. If we were to affirm the juvenile court's award of grandparent visitation in this case, we would be setting a precedent that trial courts may use section 36-6-301 to circumvent the grandparents' visitation rights statutes. Such a holding would also present the problem of determining where to draw the line when a court, in effect, assigns visitation rights. While we are cognizant of the difficulties imposed upon non-custodial parents when actively serving in the armed forces, this Court is not in the position to provide a manner by which to circumvent the grandparents' visitation rights statutes. Rather, such an action is the province of the Tennessee legislature.

Finally, we conclude that the juvenile court lacked subject matter jurisdiction to grant visitation rights to the Grandparents. The juvenile court, as a tribunal created by statute, "can exercise such jurisdiction and powers only as have been conferred on [it] by the statute creating [it]." *Hyatt v. Bomar*, 358 S.W.2d 295, 296 (Tenn. 1962) (quoting 43 C.J.S. § 6). Effective July 1, 2003, sections 37-1-103 and 37-1-104 of the Tennessee Code, the statutes which define the subject matter jurisdiction of the juvenile courts, were amended. *See* Tenn. Code Ann. §§ 37-1-103 to -104 (Supp. 2004). Under the July 1, 2003 amendments, the juvenile courts were no longer given exclusive jurisdiction over paternity cases, as they were under the former version of section 37-1-103(a)(2). *See id*. § 37-1-103(a)(2) (2001). Rather, under the amended section 37-1-104(f), the juvenile courts are given concurrent jurisdiction with the circuit and chancery courts to hear paternity cases and "to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock." *Id*. § 37-1-104(f) (Supp. 2004). None of the amendments to the juvenile courts' jurisdictional statutes make mention of the visitation rights of grandparents. However, it is particularly illuminating that, on the same day that the above amendments were enacted, July 1, 2003, section 36-6-306 was amended to clarify which courts have jurisdiction to hear matters concerning grandparent visitation. *Id*. § 36-6-306 (Supp. 2004). Beginning July 1, 2003, section 36-6-306 provided that petitions for grandparent visitation shall be presented to the circuit or chancery courts, rather than to "a court of competent jurisdiction," as the statute previously provided. Tenn. Code Ann. § 36-6-306 (2001), *amended by* Tenn. Code Ann. § 36-6-306 (Supp. 2004). Therefore, beginning July 1, 2003, juvenile courts could no longer arguably exercise jurisdiction over matters of grandparent visitation, as the circuit and chancery courts, by statute, became the sole tribunals for resolution of these controversies.

Based upon the record before us, the present action to establish visitation was filed on August 6, 2003, over one month after the effective date of the above-mentioned jurisdictional amendments.

Insofar as the juvenile court's order attempts to provide for grandparent visitation, we conclude that the juvenile court lacked subject matter jurisdiction, and such action is, therefore, unenforceable. Accordingly, we reverse in part the portion of the juvenile court's order that granted the Grandparents visitation rights. All other provisions of the juvenile court's order are affirmed.

III.

For the foregoing reasons, the order of the juvenile court is reversed in part, affirmed in part, and remanded for any further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellees Linda and William Smallwood, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE