IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 3, 2020

IN RE DAVID S. ET AL.

Appeal from the Juvenile Court for Campbell County
No. 2018-JC-213    Amanda Sammons, Judge

_____

No. E2019-01190-COA-R3-PT

_____

W. NEAL MCBRAYER, J., concurring in part and dissenting in part.

I concur in the affirmance of the decision to terminate the parental rights of David S. ("Father"). I write separately to address the majority's decision to vacate the judgment terminating the parental rights of Cecilia S. ("Mother") despite the fact that no party to the appeal has raised an issue with respect to the judgment against Mother. The issue not being raised is perhaps understandable. As the majority points out, the one person most likely to raise an issue with the termination of the Mother's parental rights, Mother, may not have been served with process and may be completely unaware that her parental rights were being terminated.

Generally speaking, courts only address the issues raised by the parties. Tenn. R. App. P. 13(b); *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). This rule arises from our recognition that party control over issue presentation is a defining characteristic of the American legal system. *See United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring in judgment); *see also Hodge*, 382 S.W.3d at 334 (noting that an effectively crafted issue statement helps to define the questions to be considered by the court). So where a party fails to raise an issue on appeal, that issue is generally waived, *see Childress v. Union Realty Co., Ltd.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002), and the trial court's determination on that issue is final. *See Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 863-64 (Tenn. Ct. App. 2018).

But there are a limited, and growing, number of situations where courts will address an issue that is not properly raised by either party on appeal. For example, courts will consider issues of justiciability even where the parties have not presented them for review. *See, e.g., Hooker v. Haslam*, 437 S.W.3d 409, 433 (Tenn. 2014) (mootness); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (standing); *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988) (subject-matter jurisdiction). In addition to

questions of justiciability, Tennessee Rule of Appellate Procedure 13(b) recognizes that appellate courts may review issues not raised by the parties for, "among other reasons: (1) to prevent needless litigation; (2) to prevent injury to the interests of the public; and (3) to prevent prejudice to the judicial process. Tenn. R. App. P. 13(b). While this rule grants us discretion in reviewing an issue not raised by the parties on appeal, "this discretion [should] be sparingly exercised." Tenn. R.App. P. 13(b) cmt.

In its 2015 decision of *In re Kaliyah S.*, the Tennessee Supreme Court held that "Rules 13(b) and 36(a) of the Tennessee Rules of Appellate Procedure, considered together, give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness and justice." 455 S.W.3d 533, 540 (Tenn. 2015). One year later, in *In re Carrington H.*, the supreme court followed with the instruction that "in an appeal from an order terminating parental rights the Court of Appeals must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal." 483 S.W.3d 507, 525-26 (Tenn. 2016).

What the majority does here, reviewing the question of personal jurisdiction over Mother, goes beyond what the supreme court mandated in *In re Carrington H.* But their action is not without pre-*In re Carrington H.* precedent. *See In re Z.J.S.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854, at *5-*7 (Tenn. Ct. App. June 3, 2003). And without question, when there are procedural defects in a parental termination case and those defects go unremedied for some length of time, the consequences can be severe. *See, e.g.*, *In re Sonya M.*, No. M2015-00064-COA-R3-PT, 2015 WL 4381567 (Tenn. Ct. App. July 16, 2015) (holding that former adoptive parents of child lacked standing to terminate parental rights of biological father whose rights were previously improperly terminated on a statutory ground not alleged in the petition or tried by consent).

I share the majority's concern over service of process on Mother, her lack of notice of the proceedings, and her appointed counsel's efforts to contact his client. Mother seems to have been deprived of the fundamentally fair procedures. Still, I dissent from the decision to vacate the judgment terminating Mother's parental rights because we have not given the Tennessee Department of Children's Service "fair notice and an opportunity to be heard on the dispositive issues" as they relate to Mother. *In re Kaliyah S.*, 455 S.W.3d at 540 (quoting *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000)). I would have notified the parties of our concerns and invited briefing on the issue before acting. Such a step would not long delay permanency for the children in this case, and it would give the court the benefit of the parties' perspectives.

_____
W. NEAL MCBRAYER, JUDGE

2