**Rosa Lee HAYNES, et al., Petitioners,**

v.

**McKENZIE MEMORIAL HOSPITAL and J. Thomas Hines, Respondents.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Jan. 4, 1984.

Application for Permission to Appeal Denied by Supreme Court March 19, 1984.

Lucien Dale, Nashville for petitioners.

John F. Kizer, Milan, for respondent McKenzie Memorial Hosp.

Ralph W. Farmer, Dyersburg, for respondent J. Thomas Hines.

## OPINION ON PETITION FOR WRIT OF ERROR

NEARN, Presiding Judge (W.S.).

A review of the order of the Trial Court has been sought by means of a petition for writ of error. See T.C.A. § 27–6–101 et seq. We hold that Appellate review by such procedure no longer exists.

■■■ It is an inherent power of a Court to promulgate necessary procedural rules. *Chaffin v. Robinson,* (1948) 187 Tenn. 125, 213 S.W.2d 32. Such power exists by virtue of the establishment of a Court and not by largess of the legislature. *Anderson County Quarterly Court v. Judges of the 28th Judicial Circuit,* (1978 Tenn.App. E.S.) 579 S.W.2d 875. Of course, Courts may not enact laws governing substantive rights as such would be an invasion by the judiciary of the legislative function. See *State ex rel. Hyatt v. Bomar,* (1962) 210 Tenn. 249, 358 S.W.2d 295. By the promulgation of Rule 3(d) of the Tennessee Rules of Appellate Procedure, the Supreme Court announced the abolition of the writ of error as an appellate procedure. Previously, such procedure had been provided by legislative enactment. Any questions that might have risen regarding whether the writ of error was "procedural" or a "substantive right" and the power of the Supreme Court to "repeal" legislative acts, if such acts were substantive rights, have

been mooted by the passage of T.C.A. § 16–3–406 which provides that all laws in conflict with the Tennessee Rules of Appellate Procedure "shall be of no further force or effect." The result being that all laws codified at the time of the enactment of T.C.A. § 16–3–406 that were contrary to the Tennessee Rules of Appellate Procedure were nullified and insofar as in conflict therewith repealed. Statutes permitting the writ of error were definitely in conflict with Rule 3(d) T.R.A.P.[1] and were therefore repealed.

■■ Counsel for petitioner points out that in 1981, the legislature enacted Chapter 449 of the Public Acts of 1981 by which that body specifically repealed certain code provisions which were in conflict with the Appellate Rules. It is also called to our attention that such act of specific repeal failed to include as being repealed the code sections providing for the writ of error. Therefore, it is argued that since the writ of error has not been abolished by specific act of the legislature it is alive and well. In support of the argument we are presented with portions of the legislative history pertaining to the enactment of the specific repealer act in an attempt to show that it was the intent of at least some of the legislators not to repeal the writ of error. Such argument as to legislative intent might have some relevancy if there were a question as to whether or not the statutes governing the writ of error were actually in conflict with the rules. However, in this case there can be no doubt but that a patent conflict exists. Therefore, the argument is without merit. In light of the clear wording of T.C.A. § 16–3–406, and Rule 3(d) T.R.A.P., the writ of error was repealed. Chapter 449 was in the nature of a "house cleaning" bill of repeal. It's passage or non passage had absolutely no effect upon T.C.A. § 16–3–406, which clearly abolished the writ of error. The writ may not be resurrected by the enactment of an additional specific repealer bill in aid of the general repeal effected by T.C.A. § 16–3–406. Once a code section has been

---

1. Writs of error, appeals in the nature of a writ of error, and simple appeals are abolished.

effectively repealed, its reenactment may be accomplished only by positive reenactment in constitutional form.

Accordingly, we dismiss the petition as no such petition now exists.

Done at Jackson in the two hundred and eighth year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.