# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 7, 2003 Session

# LINDA J. CORUM v. HOLSTON HEALTH & REHABILITATION CENTER, ET AL.

**Appeal by permission from the Supreme Court**
**Special Workers' Compensation Appeals Panel**
**Chancery Court for Knox County**
**No. 146521-3    Sharon J. Bell, Chancellor**

---

**No. E2001-02074-SC-WCM-CV - Filed May 2, 2003**

---

We granted the employer's motion for full court review in this case in order to decide whether the failure to file the statistical data ("SD1") form contemporaneously with the order of final judgment, as required by Tennessee Code Annotated section 50-6-244(b) (1999), affects the finality of that judgment. After a thorough review of the record and careful consideration of relevant authorities, we have determined that the failure to file the SD1 form contemporaneously with the order of final judgment does not affect the finality of the judgment. Accordingly, we agree with the Special Workers' Compensation Appeals Panel in its dismissal of the appeal as untimely because as it was not filed within the time prescribed by Rule 4 of the Tennessee Rules of Appellate Procedure.

**Tenn. Code Ann. § 50-6-225(e); Findings of Fact and Conclusions of Law of the Special Workers' Compensation Appeals Panel Affirmed and Appeal Dismissed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. E. RILEY ANDERSON, J., not participating.

John B. Dupree, Knoxville, Tennessee, for the appellant, Holston Health & Rehabilitation Center.

John P. Dreiser and J. Anthony Farmer, Knoxville, Tennessee, for the appellee, Linda J. Corum.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and E. Blaine Sprouse, Assistant Attorney General, Nashville, Tennessee, for the appellee, James W. Farmer, Director, Tennessee Department of Labor and Workforce, Workers' Compensation Division, Second Injury Fund, State of Tennessee.

**Opinion**

## I. Facts and Procedural History

In July of 1996, Linda J. Corum, a 49-year-old wife and mother of two, began employment with Holston Health Care and Rehabilitation Center ("Holston") in the housekeeping department. Her duties involved strenuous physical activity such as mopping, collecting garbage, cleaning garbage cans, and removing mattresses from beds for cleaning. She performed these duties for three years without incident. On August 11, 1999, Corum fell at work and injured her lower back. She reported the incident to her employer and sought treatment. Her employer referred her to Dr. James McGuire, who treated her injury and ultimately performed a partial hemilaminectomy. As a result of the surgery, McGuire permanently restricted Corum's lifting to no more than twelve pounds with no repetitive stooping or bending. He also assigned her a 10% impairment to the body as a whole.

Following the surgery, Corum filed for workers' compensation benefits in the Knox County Chancery Court. The case was tried on June 14, 2001, and the trial court found that Corum had sustained a compensable injury. Further, the court found that Corum was entitled to: 1) benefits based on a 40% permanent partial disability to the body as a whole; 2) future medical treatment; and 3) certain discretionary costs. Accordingly, the court awarded benefits to be paid by Holston and dismissed the Second Injury Fund from the case.

The trial court's order was filed and stamped "ENTERED July 13, 2001" by the clerk. No other documents were filed with the order. On August 16, 2001, thirty-four days after the judgment had been entered, Holston filed a notice of appeal. Corum filed a motion to dismiss the appeal on the basis that the notice of appeal was not filed within thirty days of the date the judgment became final, as required by Rule 4 of the Tennessee Rules of Appellate Procedure. Relying upon Tennessee Code Annotated section 50-6-244(b) (1999), Holston contended that because the trial court's order had not been filed with the statutorily required SD1 form, the appeal time had not yet begun to run.

A Special Workers' Compensation Appeals Panel heard argument on the motion and agreed with Corum. The Panel dismissed the appeal as untimely, and Holston filed this motion for review. We granted review to resolve the conflict between Tennessee Code Annotated section 50-6-244(b) and Rule 4 of the Tennessee Rules of Appellate Procedure.

## II. Standard of Review

Issues of statutory construction are questions of law reviewed by this Court de novo with no presumption of correctness accorded to the findings of the court below. Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000); Perry v. Sentry Ins. Co., 938 S.W.2d 404, 406 (Tenn. 1996).

## III. Analysis

In general terms, the issue in this case is whether a Supreme Court rule predominates a

statute, and the resolution of this issue essentially affects the computation of time within which to appeal a workers' compensation case. The precise question is whether a judgment in a workers' compensation case is final for purposes of appeal under Rule 4 of the Tennessee Rules of Appellate Procedure if the SD1 form required by Tennessee Code Annotated section 50-6-244(b) is not filed contemporaneously with the judgment.

We begin by reviewing the procedural rules that inform the appellate process in a workers' compensation case. Workers' compensation appeals must proceed in accordance with Tennessee Code Annotated section 50-6-225(e)(1) (Supp. 2002). Under this section, "[a]ny party to the proceedings in the circuit, criminal or chancery court may, if dissatisfied or aggrieved by the judgment or decree of that court, appeal to the supreme court, where the cause shall be heard and determined as provided in Tennessee Rules of Appellate Procedure." Tenn. Code Ann. § 50-6-225(e)(1).

Under the Tennessee Rules of Appellate Procedure, "[a]n appeal as of right to the Supreme Court . . . shall be taken by timely filing a notice of appeal with the clerk of the trial court . . . ." Tenn. R. App. P. 3(e). In addition, "the notice of appeal . . . shall be filed with and received by the clerk . . . within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). Furthermore, the Advisory Commission Comments to Rule 4 declares in relevant part that "[t]he 30-day period specified in this subdivision in which to file notice of appeal is to be uniformly applied. It applies to appeals by the state as well as private parties, and in all civil and criminal proceedings."

Pursuant to Rule 58 of the Tennessee Rules of Civil Procedure, entry of a judgment or an order of final disposition is effective when it is "marked on the face by the clerk as filed for entry." Based on these procedural rules, it is clear that a notice of appeal, to be timely, must be filed within thirty days of the date the final judgment or order is marked by the clerk as filed for entry. In the case at bar, the trial court's order was endorsed by the clerk as "ENTERED, July 13, 2001." Therefore, it appears that the time for filing a notice of appeal began on July 13, 2001, and expired on August 12, 2001.

The conflict in this case, however, arises in attempting to apply Tennessee Code Annotated section 50-6-244(b) to the circumstances in this case. That statute dictates the manner in which a workers' compensation judgment must be accepted by the clerk of the court. It provides, in pertinent part:

> The [statistical data] form shall be required to be filed in every workers' compensation case at the conclusion of the case and shall be filed with the clerk of the court . . . *contemporaneously* with the final order. An order of a court is not final until the statistical data form required by this section is fully completed and filed with the clerk of the court.

Tenn. Code Ann. § 50-6-244(b) (emphasis supplied).

Relying on the above-quoted statute and on an Attorney General's opinion,[1] Holston contends that because the SD1 form was not filed "contemporaneously" with the judgment, the time for filing the notice of appeal began when the SD1 form was filed (November 7, 2001) and not July 13, 2001, the date the judgment was entered. Corum, on the other hand, contends the failure to file the SD1 form did not toll the time period prescribed by Rule 4 of the Tennessee Rules of Appellate Procedure. She asserts that the thirty-day time limit prescribed by the rule became immediately applicable on July 13, 2001. Thus, she contends that Holston failed to protect and perfect its right to appeal when it failed to comply with the requirements of Rule 4. We view the two provisions set out above as incongruous, and to resolve this case, we must decide which predominates. The Court's role in construing statutory language is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). When the language within the four corners of the statute is unambiguous, the legislative intent must be derived from the statute's face and courts must follow the "natural and ordinary meaning" of the statute. Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000) (quoting Davis v. Reagan, 951 S.W.2d 766, 768 (Tenn. 1997)).

On the other hand, it is well settled that the Tennessee Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state. State v. Mallard, 40 S.W.3d 473, 480-81 (Tenn. 2001) (citing State v. Reid, 981 S.W.2d 166, 170 (Tenn. 1998)); see also Tenn. Code Ann. §§ 16-3-401, -402 (1994). This inherent power "exists by virtue of the establishment of a Court and not by largess of the legislature." Mallard, 40 S.W.3d at 481 (quoting Haynes v. McKenzie Mem'l Hosp., 667 S.W.2d 497, 498 (Tenn. Ct. App. 1984)). Furthermore, because the power to control the practice and procedure of the courts is inherent in the judiciary and necessary to engage in the complete performance of the judicial function, this power cannot be constitutionally exercised by any other branch of government. Mallard, 40 S.W.3d at 481 (citing Anderson County Quarterly Court v. Judges of the 28th Judicial Cir., 579 S.W.2d 875, 877 (Tenn. Ct. App. 1978)); see also Tenn. Const. art. II, § 2.

Rules prescribed by the Supreme Court may not abridge, enlarge or modify any substantive right guaranteed by the Constitution of the United States or State of Tennessee. Tenn. Code Ann. § 16-3-403 (1999). Additionally, "[a]fter such rules shall have become effective, all laws in conflict therewith shall be of no further force or effect." Tenn. Code Ann. § 16-3-406 (1999); see also Advisory Commission Comments to Tenn. R. App. P. 4(a).[2]

---

[1] While Attorney General opinions are not binding upon the courts, we note that Op. Att'y Gen. No. 99-230, 1999 Tenn. AG LEXIS 225, states that "the clerk must decline to accept any final order in a worker's compensation case unless it is submitted along with a fully completed statistical data form."

[2] Those comments state:

The 30-day period specified in this subdivision in which to file notice of appeal is to be uniformly applied. It applies to appeals by the state as well as private parties, and in all civil and criminal proceedings. *Statutes prescribing some other time period for an appeal are in conflict with these rules and of no further force or effect.*

(Emphasis supplied).

The purpose for filing the SD1 form is to assist the Department of Labor in its efforts to collect data relevant to assessing the workers' compensation system. Tenn. Code Ann. § 50-6-244(a) (1999). The filing of an SD1 form does not enhance or improve the appellate procedural process in any way. Rather, the filing requirement has the potential to impede or hinder the process by allowing a party to manipulate the time within which to file an appeal. If strictly construed, section 50-6-244(b) would enable employers[3] to hold judgments hostage on the basis of their own failure or refusal to file the SD1 form. In such circumstances, the employer alone has the ability to control or manipulate the beginning of the time within which to appeal. While we agree that the SD1 form must be filed in accordance with the statute, to the extent the statute conflicts with the thirty-day time limit prescribed by Rule 4 of the Tennessee Rules of Appellate Procedure, the rule controls. Therefore, we hold that a workers' compensation judgment is final on the date of entry stamped by the trial court clerk whether or not it is filed contemporaneously with the SD1 form. We further hold that the Special Workers' Compensation Appeals Panel properly dismissed the appeal because it was filed beyond the thirty-day period following the entry of judgment.

We note Holston's additional contention that the trial court's judgment is not final because the issue regarding lump sum commutation has yet to be adjudicated. We find this contention to be without merit. As Corum points out, the order entered on July 13, 2001 directed that benefits be paid on a weekly basis. The order, therefore, resolved all issues in the case and was final for purposes of appeal.

## IV. Conclusion

In accordance with the foregoing, we affirm the Special Workers' Compensation Appeals Panel in its dismissal of the appeal as untimely. Costs of this review are taxed to the defendant, Holston Health & Rehabilitation Center for which execution may issue, if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[3]Tennessee Code Annotated section 50-6-244(e) (1999) states:

It is the responsibility of the employer or the employer's agent to complete and file the form required by this section, contemporaneously with the filing of the final order or settlement. The employee and any agent of the employee are required to cooperate with the employer in completing this form.