**James DIAL, et al.**

v.

**Robert L. HARRINGTON, M.D., et al.**

Court of Appeals of Tennessee, at Jackson.

Sept. 17, 2003 Session.

Oct. 29, 2003.

Application for Permission to Appeal Denied by Supreme Court March 22, 2004.

Timothy Boxx, Dyersburg, Tennessee, for the appellants, James Dial and wife, Rachel Dial.

Hubert B. Jones and Gary H. Nichols, Dyersburg, Tennessee, for the appellees, Robert L. Harrington, M.D., Jackson Clinic, P.A. and Women's Clinic of Dyersburg.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

This is an appeal of the trial court's award of summary judgment to defendants in a medical malpractice action. The trial court held that Rule 32.01(3) of the Tennessee Rules of Civil Procedure prohibits use of an expert discovery deposition taken in accordance with Rule 26.02(4) to show the existence of a genuine issue of material fact in opposition to a motion for summary judgment. We reverse.

In February 2001, James Dial and wife, Rachel Dial (collectively, "the Dials") filed a complaint against Defendants Robert L. Harrington, M.D., Jackson Clinic, P.A., and Women's Clinic of Dyersburg, Inc., alleging medical malpractice. In their complaint, the Dials allege Defendant Robert L. Harrington, M.D. (Dr. Harrington) was negligent and deviated from the standard of care in his diagnosis and treatment of Ms. Dial. They further allege vicarious liability of Defendant Clinics based on the doctrine of respondeat superior.

Both parties subsequently conducted discovery. In October 2001, Defendants took the discovery deposition of the Dials' expert, Joel S. Engle, M.D. (Dr. Engle) in accordance with Rule 26.02(4) of the Tennessee Rules of Civil Procedure. In his deposition, Dr. Engle testified that Dr. Harrington had breached the requisite standard of care.

Defendants moved for summary judgment in February 2002, asserting no dis-

puted issue of material fact. Defendants supported their motion with an affidavit of Defendant Dr. Harrington. In his affidavit, Dr. Harrington stated that he had complied with the standard of care.

The Dials opposed Defendants' motion, asserting that a genuine issue of material fact existed regarding whether Dr. Harrington had breached the standard of care. The Dials filed Dr. Engle's discovery deposition in support of their position. The Dials did not file an expert affidavit to support their position.

Defendants filed a motion in limine to exclude the discovery deposition of Dr. Engle. In their motion, Defendants argued that Tennessee Rule of Civil Procedure 32.01(3) prohibits the use of a discovery deposition of an expert taken in accordance with Rule 26 for any use other than to impeach the deponent.

The trial court determined that the discovery deposition of Dr. Engle could not be used to oppose Defendants' motion for summary judgment, and accordingly granted the motion. The Dials now appeal to this Court, asserting it was error for the trial court to exclude their expert's discovery deposition in the summary judgment proceeding.

## Issues Presented

The issue raised for review by this Court is whether Tennessee Rule of Civil Procedure 32.01(3) prohibits the use of a deposition of an expert taken pursuant to Rule 26.02(4) to oppose a motion for summary judgment.

## Standard of Review

■■■ The authority to promulgate rules which control the practice and procedure of the courts of this State is an inherent power of the Tennessee Supreme Court. *Corum v. Holston Health and Rehab.Ctr.*, 104 S.W.3d 451, 454 (Tenn.2003).

The interpretation of these rules is a question of law. *Green v. Moore*, 101 S.W.3d 415, 418 (Tenn.2003). Our review of a trial court's determination on issues of law is *de novo*, with no presumption of correctness. *Id.*

We also review a trial court's award of summary judgment *de novo*, with no presumption of correctness. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). Summary judgment should be awarded only when the moving party can demonstrate that there are no genuine issues regarding material facts, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn.1993). Therefore, mere assertions that the nonmoving party has no evidence does not suffice to entitle the movant to summary judgment. *McCarley*, 960 S.W.2d at 588. Rather, the moving party must either conclusively demonstrate an affirmative defense or affirmatively negate an essential element of the nonmoving party's claim. *Id.* If the moving party can demonstrate that the nonmoving party will be unable to carry its burden of proof on an essential element, summary judgment is appropriate. *Id.*

Further, when a party makes a motion for summary judgment in accordance with Tennessee Rule of Civil Procedure 56, the burden shifts to the nonmoving party to establish the existence of disputed material facts or that the moving party is not entitled to judgment as a matter of law. *McCarley*, 960 S.W.2d at 588; *See also Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn.2000). Thus the nonmoving party cannot merely rely on the pleadings, but must demonstrate essential elements of a claim by: 1) pointing to evidence that creates a factual dispute; 2) re-enforcing evi-

dence challenged by the moving party; 3) offering additional evidence which establishes a material dispute; 4) submitting a Tenn. R. Civ. P. 56.06 affidavit explaining the need for additional time for discovery. *McCarley*, 960 S.W.2d at 588.

## Analysis

■ Tennessee Rule of Civil Procedure 32.01 is primarily a rule of evidence. *Wilkes v. Fred's, Inc.*, No. W2001–02393–COA–R3–CV, 2002 WL 31305202, at *4 (Tenn.Ct.App. Aug. 20, 2002) (*no perm. app. filed*) (citing Robert Banks, Jr. & June E. Entman, Tennessee Civil Procedure § 8–7(b) (1999)). It applies to the use of deposition testimony for cross-examination and impeachment, is a rule of completeness, and provides a hearsay exception for former testimony. *Wilkes*, 2002 WL 31305202, at *4. Section 32.01(3) governs when a deposition may be used as substantive proof under the former testimony exception to hearsay. Tenn. R. Civ. P. 32 advisory commission comments.

Rule 32.01 provides:

**Use of Depositions.**—At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against the party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions[.]

Tenn. R. Civ. P. 32.01. Rule 32.01(3) provides that the deposition of a witness who is unavailable as defined by the Rule may be used "by any party for *any purpose*" unless "it appears that the absence of the witness was procured by the party offering the deposition." Tenn. R. Civ. P. 32.01(3) (emphasis added).

The hearsay exception provided by this rule, however, contains an exception to the exception. The final sentence of Rule 32.01(3) reads:

Notwithstanding the foregoing provisions, depositions of experts taken pursuant to the provisions of Rule 26.02(4) may not be used *at the trial* except to impeach in accordance with the provisions of Rule 32.01(1) (emphasis added).

Commonly called "the Bearman Rule," [1] this sentence prohibits the introduction, as substantive proof, of discovery depositions of experts taken in accordance with Rule 26.02(4).

The Bearman Rule was included to address the dilemma faced by a lawyer taking a discovery deposition of a hostile expert who is or becomes unavailable under the rule, which includes witnesses exempt from subpoena under Tenn.Code Ann. § 24–9–101. Tenn. R. Civ. P. 32 advisory commission comments. Essentially, it is a rule of fairness which permits discovery of a hostile expert without the threat of unfavorable responses being introduced as substantive proof under what is, in essence, a hearsay exception. *Id.* The party who hired the expert may still take a deposition for proof by notice or agreement. *Id.*

In the case now before this Court, the Bearman Rule clearly would proscribe the use of Dr. Engle's discovery deposition as substantive proof at trial. We must here determine, however, whether an expert discovery deposition may be used by the trial court not as substantive proof at trial, *i.e.* to prove the truth of the matter assert-

---

1. This final sentence of Rule 32.01(3), inserted in 1984, was recommended by distinguished Memphis attorney Leo Bearman when he was a member of the Rules Commis-

sion. Hence it lives on as "the Bearman Rule." Donald F. Paine, *The Bearman Rule*, 39 Tenn. B.J. 33 (April 2003).

ed, but at the summary judgment stage to determine the *existence* of a disputed material fact. We hold that the Bearman Rule does not prohibit the use of expert depositions to point to disputed issues of material fact in opposition to a motion for summary judgment.

This holding is consistent with both the spirit and language of Rule 32.01, including the Bearman Rule. It is also consistent with this Court's holdings on related issues pertaining to evidence admissible at the summary judgment stage. Moreover, we arrive at this determination in light of the purpose and limitations of summary judgment proceedings.

█ We begin our analysis with the proposition that for the purposes of summary judgment, a deposition is a sworn statement which differs from an affidavit only in form. *Roddy v. Hardison,* No. 01A01–9011–CH–00394, 1991 WL 53427, at *2 (Tenn.Ct.App. Apr. 12, 1991) (*no perm. app. filed*). Thus depositions may be used wherever affidavits are admissible under the rules. *Id.* (quoting 3 Tennessee Practice 2 ed. § 32.2). This is consistent with the language of Rule 56 of the Tennessee Rules of Civil Procedure which provides, in pertinent part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Tenn. R. Civ. P. 56.04. In *Roddy,* we accordingly held that depositions filed in support of, or in opposition to, summary judgment motions should be treated as affidavits for the purpose of determining whether summary judgment is warranted. *Roddy,* 1991 WL 53427, at *2.

This Court has had previous occasion to consider this proposition in the context of expert depositions. In *Bowen v. DeFranco,* also a medical malpractice cause of action, defendant objected to plaintiffs' reliance on an expert deposition in their response to defendant's motion for summary judgment.[2] *Bowen v. DeFranco,* No. 02A01–9107–CV–00139, 1992 WL 12129, at *1 (Tenn.Ct.App. Jan. 29, 1992) (*no perm. app. filed*). As in the present case, defendant in *Bowen* argued that use of the deposition to oppose summary judgment was prohibited by Rule 32.01 of the Tennessee Rules of Civil Procedure. *Id.* In *Bowen,* we held that the expert deposition was admissible to oppose summary judgment insofar as an affidavit would be admissible. *Id.* at *2. We further noted that use of an expert's statement in deposition form does not deprive the objecting party of any right he would have if the statement had been submitted in the form of an affidavit. *See id.*

Underlying our holding in *Bowen* is the fact that the fairness considerations giving rise to the Bearman Rule simply are not present in the summary judgment context. Summary judgment is not a substitute for a trial of issues of fact. *Ferguson v. Tomerlin,* 656 S.W.2d 378, 382 (Tenn.Ct.App. 1983) (perm. app. denied). Summary judgment is appropriate only in those instances where the moving party can demonstrate that there are no disputed issues of material fact and that it should be awarded judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847

---

**2.** In *Bowen,* this Court found that although the deposed was not a medical professional, he was an expert with regard to the proper operation of certain medical equipment. *Bowen v. DeFranco,* No. 02A01–9107–CV–00139, 1992 WL 12129, at *4 (Tenn.Ct.App. Jan. 29, 1992) (*no perm. app. filed*).

S.W.2d 208, 214 (Tenn.1993). Accordingly, a party opposing summary judgment must demonstrate the existence of a disputed material fact. *Staples v. CBL Assocs.*, 15 S.W.3d 83, 89 (Tenn.2000). This can be accomplished through an affidavit which, although not admissible as substantive proof at trial, is admissible in a summary judgment proceeding.

A sworn Rule 26 deposition of an expert is likewise admissible at a summary judgment proceeding. *Bowen,* 1992 WL 12129, at *2. At the summary judgment stage, consideration of a Rule 26 deposition presents no more unfairness than admission of an affidavit. In both instances, the sworn statement is reviewed by the trial court only to determine whether a disputed issue of material fact exists. Once the court has determined such a dispute exists, it is left to the trier of fact to weigh the admissible evidence. The Bearman Rule prohibits the trial court from admitting a Rule 26 deposition as substantive proof at the trial, although it might otherwise be admissible under the hearsay exceptions provided by Rule 32.

In addition to being consistent with the purposes and limitations of a summary judgment determination, this holding is consistent with the language of the rule itself. Rule 32 provides a hearsay exception for the use "by any party for any purpose" of a deposition of a witness defined by the rule as unavailable. Tenn. R. Civ. P. 32.01(3). The final sentence, the Bearman Rule, however, partially negates this exception for depositions taken of experts. The sentence provides that where such depositions are taken in accordance with Rule 26.02(4), "they may not be used *at the trial* except to impeach in accordance with the provisions of Rule 32.01(1)." Tenn. R. Civ. P. 32.01(3) (emphasis added). The Bearman Rule does not address use of a discovery deposition of an expert for any

purpose other than at trial. It simply limits the application of Rule 32.01(3), which makes what is otherwise hearsay admissible as substantive proof at trial.

In light of the foregoing, it was error for the trial court to prohibit Plaintiffs from relying upon the discovery deposition of Dr. Engle to oppose summary judgment. The deposition demonstrates the existence of genuine issues of material fact that must be determined by a trial on the merits. We accordingly reverse the award of summary judgment to Defendants.

### Conclusion

A deposition of an expert taken in accordance with Rule 26 of the Tennessee Rules of Civil Procedure may be offered by a party to oppose summary judgment to the same extent that an affidavit may be so used. Such depositions differ from affidavits in form only. Rule 32.01(3) of the Tennessee Rules of Civil Procedure provides a former testimony exception to hearsay for witnesses defined by the Rule as unavailable. The Bearman Rule found in the final sentence of Rule 32.01(3) provides an exception to the exception. The Bearman Rule prohibits the admission at trial of depositions of experts taken in accordance with Rule 26, although such depositions might otherwise be admissible under Rule 32.01(3). It does not prohibit the use of expert depositions by a party to oppose summary judgment.

The award of summary judgment to Defendants is reversed. This cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellees, Robert L. Harrington, M.D., Jackson Clinic, P.A., and Women's Clinic of Dyersburg, Inc.