IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief May 24, 2007

**TERRE JO FIELDS v. JAMES R. FIELDS, JR.**

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-03-1568     D.J. Alissandratos, Chancellor**

---

**No. W2006-01613-COA-R3-CV - Filed July 31, 2007**

---

Husband was found in civil contempt and incarcerated.  He was further enjoined from being self-employed.  He appeals only the injunction which we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part;**
**Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Christine Stephens and Brett A. Schubert, Memphis, Tennessee, for the appellant, James R. Fields, Jr.

Terre Jo Fields, *Pro Se.*

**OPINION**

In post divorce proceedings, the appellant, James R. Fields, Jr., was found guilty of three counts of civil contempt and sentenced to incarceration until such time as he purged himself of such contempt.  The trial court's order, styled Order on Fifth and Sixth Petition for Civil Contempt, further provides that: "The defendant is enjoined from self-employment and is ordered to seek and obtain employment other than self-employment." Mr. Fields perfected a timely appeal to this Court. However, he does not appeal the finding of contempt but rather the injunction enjoining him from being self-employed.  The appellant's brief does not contain a statement of the issues presented for review.  *See* Rule 27(a)(4) Tenn. R. App. P.  However, it is apparent from the brief that the sole issue on appeal concerns the issue as to the injunction.  The order of the trial court sets forth four steps which Mr. Fields must take to purge himself of contempt, the fourth being furnishing proof to the Court of his employment.

Mr. Fields argues that trial courts have statutory powers to punish for contempt, of which the trial court clearly availed itself in that Mr. Fields was incarcerated on at least two prior occasions

during the course of the proceedings below for being in contempt for failure to comply with orders of the trial court. In addition, the trial court may find an individual to be willfully underemployed, which the trial court in the present case also did.

Having reviewed this record, we can appreciate the trial court's frustration with Mr. Fields. The record reveals that he is a self-employed plumbing contractor, but at the time of the hearing his license was not current. The hearing on the petition for contempt was conducted on June 6, 2006. Mr. Fields' sister testified that she had volunteered her services to her brother as a bookkeeper and that his business lost money during September, October, November and December of 2005 and January and May of 2006. The business showed a profit of approximately $621 in February 2006, $1,089 in March 2006 and $5,611 in April 2006. In addition she stated that she had loaned her brother between $17,000 and $18,000.

In addition to the powers conferred upon courts by the Constitution and acts of the General Assembly, courts are endowed with certain inherent powers. The power to control the practice and procedure of the courts is inherent in the judiciary. *State v. Mallard*, 40 S.W.3d 473, 481 (Tenn. 2001). It is an inherent power of a court to promulgate necessary procedural rules. *Haynes v. McKenzie Mem'l Hosp.*, 667 S.W.2d 497, 498 (Tenn. Ct. App. Jan. 4, 1984). In *Anderson County Quarterly Court v. Judges of 28th Judicial Circuit*, 579 S.W.2d 875 (Tenn. Ct. App. Dec. 12, 1978), this Court adopted the principle that in utilizing the apparent powers doctrine, the court asserting the power must establish reasonable necessity by "clear, cogent and convincing proof."

Trial courts possess the inherent authority to take actions to prevent abuse of the discovery process. *Alexander v. Jackson Radiology Assocs.*, 156 S.W.3d 11 (Tenn. Ct App. 2004). However, the powers of the court are not unlimited and the inherent powers of the court must be exercised with both restraint and discretion.

We are of the opinion that the chancellor exceeded his authority by *sua sponte* enjoining Mr. Fields from self-employment and in making that a condition of purging himself of contempt. Mr. Fields has a right to pursue his chosen occupation, but must suffer the consequences if he fails to comply with orders of the court. He is no doubt aware of these consequences, based on his prior incarcerations for contempt. The issuance of the injunction is reversed. The judgment of the trial court is otherwise affirmed.

As noted, the trial court issued the injunction *sua sponte.* We find no indication in the record that Ms. Fields sought this relief. Although she was represented in the proceedings below, Ms. Fields appears before this Court *pro se*. In our discretion, we tax the costs of this appeal to James R. Fields, Jr.

_____
DAVID R. FARMER, JUDGE