# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 19, 2011 Session

## JOSHUA N. LEE, v. LYONS CONSTRUCTION COMPANY, INC.

**Appeal from the Circuit Court for Sevier County**
**No. 2009-0263-11    Hon. Richard R. Vance, Judge**

**No. E2010-02388-COA-R3-CV-FILED-DECEMBER 19, 2011**

Plaintiff and others sustained injuries in a single car accident and sued defendant construction company and the Tennessee Department of Transportation, alleging that defendant construction company had recently completed work on that section of the highway where the accident occurred, and that a low point in the pavement caused plaintiff to lose control of his vehicle and wreck. Defendant answered, stating that they had completed the required construction on that section of the highway, and the State had accepted its work pursuant to Tenn. Code Ann. §12-4-501 *et seq.* which provides upon proper completion of the work the contractor "is discharged from all liability to any party". Defendant filed a Motion for Summary Judgment which the Trial Court granted and plaintiff appealed. We hold that summary judgment for the defendant in this case was proper, and affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Andrew E. Farmer, Sevierville, Tennessee, for the appellant, Joshua N. Lee.

Joshua A. Wolfe, and Adam F. Rust, Knoxville, Tennessee, for the appellee, Lyons Construction Company, Inc.

# OPINION

## Background

This is an appeal of the Trial Court's granting summary judgment in a motor vehicle accident case. Plaintiff/appellant Joshua Lee (Lee) brought this action on April 3, 2009 against Appellee/defendant Lyons Construction Company, Inc. (Lyons) and the Tennessee Department of Transportation (TDOT). The complaint averred that Lee, a North Carolina resident, was the driver of a motor vehicle that was involved in a one-car accident while traveling south on U.S. Highway 411 heading in the direction of Sevierville, Tennessee on April 6, 2008. The complaint states that the accident occurred when Lee struck a low point in the roadway that caused the right side of the vehicle to lose contact with the roadway which caused Lee to lose control of the vehicle. Defendant Lyons allegedly performed road work on U. S. Highway 411 at or near the scene of the accident. The complaint alleges that a "unsafe low point and abnormal dip in the road" caused plaintiff's accident and bodily harm. Other allegations were made against TDOT. Attached to the complaint as an exhibit was a memorandum and graph prepared by Trooper Charles Massengill that states the graph "shows the difference in elevation along U. S. 411 near the crash scene. The plan elevation depicts how the roadway was projected to be. The as built graph depicts how the roadway actually lays."

Lyons answered the complaint stating that it was not responsible for the accident, and pled the defense that the suit failed to state a cause of action upon which relief could be granted, and alleged comparative fault. Lyons further stated that because it had turned over the subject roadway to the State of Tennessee and it was accepted by the State, it was entitled to a dismissal pursuant to Tenn. Code Ann. § 12-4-503 and the rationale set forth in *Wood v. Foster & Creighton Co.*, 235 S.W. 2d 1, 3 (Tenn. 1950). TDOT filed a Motion to Dismiss and plaintiff gave a voluntary nonsuit to TDOT, which was granted by the Trial Court.

On April 30, 2010, Lyons filed a motion for summary judgment accompanied by a statement of undisputed facts, the affidavit of William Krickbaum, the president of Lyons and a memorandum in support of the motion. Lyons also propounded requests to admit by plaintiff. Plaintiff filed a response to the motion for summary judgment but did not file a statement of disputed material facts or respond to Lyons' statement of undisputed material facts. Plaintiff attached as exhibit A to his response the Massengill memorandum, but no affidavit. Exhibit B to the response was plaintiff's response to defendant's requests to admit. Lyons filed a reply to plaintiff's response to motion for summary judgment that was accompanied by an affidavit of Tracie Jenkins, the TDOT project supervisor for the road in question.

The Trial Court granted summary judgment to Lyons.

Plaintiff filed a Notice of Appeal, and his issue to this Court, is:

Did the Trial Court err when it granted summary judgment to defendant?

According to the affidavits of William Krickbaum, President of Lyons, and Tracie Jenkins, a Project Supervisor with TDOT, Lyons had performed construction on the highway where the accident occurred as part of a road project. The project was completed on or before January 10, 2008 and all control over the area of the project was turned over to the State of Tennessee and/or Sevier County on or before February 1, 2008. TDOT accepted the project from Lyons on or before February 1, 2008, and more than two months after TDOT accepted the completed work from Lyons, on April 6, 2009, plaintiff, Lee, was operating a motor vehicle on U.S. Highway 411 when he was involved in a one car crash after losing control of his vehicle.

The granting or denying of a motion for summary judgment is a matter of law, and a court of appeals standard of review is *de novo* with no presumption of correctness. Rules Civ. Proc., Rule 56.04. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997)*; Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18 (Tenn. 2011).

The standard for granting or denying a motion for summary judgment at the time the Trial Court entered its judgment was set forth recently by the Supreme Court in *Shipley v. Williams*, M2007-01217-SC-R11CV, 2011 WL 3505281, ___ S.W.3d ___ (Tenn. Aug. 11, 2011). [1]

---

[1] Tennessee Code Annotated, Title 20 was amended to add Tenn. Code Ann. § 20-16-101 that provides:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 was effective July 1, 2011. Apparently, the intent of the legislature was to overrule *Hannan v. Alltel Publishing Co.*, 270 S.W. 3d 1 (Tenn. 2008), its progeny and the cases relied on in *Hannan. See* 2011 Tenn. Laws Pub. Acts Ch. 498.

The amendment to Title 20 apparently was an effort to alter Tenn. R. Civ. P. 56, despite the Tennessee Supreme Court's statement in *Corum v. Holston Health & Rehab. Ctr.,* 104 S.W.3d 451, 454

(continued...)

-3-

Summary judgment is appropriate only when the moving party can demonstrate there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 5 (Tenn.2008); *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). In *Hannan,* this Court reaffirmed the basic principles guiding Tennessee courts in determining whether a motion for summary judgment should be granted, stating:

> The moving party has the ultimate burden of persuading the court that "there are no disputed, material facts creating a genuine issue for trial ... and that he is entitled to judgment as a matter of law." *Byrd,* 847 S.W.2d at 215. If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Id.* [I]n Tennessee, a moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial.
>
> *Hannan,* 270 S.W.3d at 5, 8–9. It is insufficient for the moving party to "merely point to omissions in the nonmoving party's proof and allege that the nonmoving party cannot prove the element at trial." *Id.* at 10. "Similarly, the presentation of evidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn.2008). If the party moving for summary judgment fails to satisfy its initial burden of production, the burden does not shift to the nonmovant, and the court must dismiss the motion for summary judgment. *Hannan,* 270 S.W.3d at 5; *Blanchard v. Kellum,* 975 S.W.2d 522, 525 (Tenn.1998).

---

[1](...continued)
(Tenn. 2003) that "it is well settled that the Tennessee Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state." *Corum* at 454 (citing *State v. Mallard*, 40 S.W.3d 473, 480-81 (Tenn. 2001). The Court explained that "[t]his inherent power "exists by virtue of the establishment of a Court and not by largess of the legislature." *Corum* at 454 (citing *Mallard* at 481). Moreover, this power held by the Supreme Court "cannot be constitutionally exercised by any other branch of government because the power to control the practice and procedure of the courts is inherent in the judiciary and necessary to engage in the complete performance of the judicial function."*Id.* Thus the legislative effort to dictate the practice and procedure to be followed by the courts under these circumstances is inappropriate and unavailing due to the separation and independent powers of the three branches of government.

The standard by which our courts must assess the evidence presented in support of, and in opposition to, a motion for summary judgment is also well established:

> Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn.1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn.2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd,* 847 S.W.2d at 210–11.
>
> *Giggers v. Memphis Hous. Auth.,* 277 S.W.3d 359, 364 (Tenn.2009). This Court stated the applicable summary judgment standard in *Martin* as follows: "*the nonmoving party's evidence must be accepted as true,* and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." *Martin,* 271 S.W.3d at 84 (citing *McCarley v. W. Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn.1998)) (emphasis added). "Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment *de novo* with no presumption of correctness." *Martin,* 271 S.W.3d at 84.

*Shipley* at 2011 WL 3505281 at * 4.

Lyons, in its Motion, made the argument that it was entitled to summary judgment as a matter of law because it owed no duty to Mr. Lee. Plaintiff's claims against Lyons focused on an alleged defect in the highway where Lyons had performed road work. Lyons claimed that it had completed the road project for TDOT, relinquished control over the highway to the State of Tennessee, and the State had accepted the work pursuant to Tenn. Code Ann. §12-4-502 *et seq.* by February 1, 2008, more than two months prior to the accident. Tenn. Code Ann. §12-4-503 provides:

> Upon acceptance by the state of a state contractor's work, provided that such state contractor's work is done in accordance with the plans and specifications, such state contractor is discharged from all liability to any party by reason of its lack of ordinary care in the performance of, or failure to perform, such work on such state construction project.

"Acceptance" within the context of the State Construction Projects Liability Act of 1977 means "notification by an authorized officer or employee of the state that the work completed has been in accordance with the terms and conditions of the state contract . . . ."

Tenn. Code Ann. §12-4-502(1).

Lyons supported its position that it owed no liability to Lee with the affidavits of William Krickbaum, President of Lyons, and Tracie Jenkins, the TDOT Project Supervisor on the Lyons' project. The affidavits state that Lyons had completed the project on or before January 10, 2008 and that Lyons had turned all control of the highway over to the State of Tennessee on or before January 10, 2008. The affidavits state that TDOT accepted the project from Lyons Construction, Inc., on or before February 1, 2008. The affidavits further provide that the statements therein were made with the personal knowledge of the affiant and that the affiant was competent to testify to facts stated as required by Tenn. R. Civ. P. 56.06.

Lyons, the moving party, made a properly supported motion showing that Lee could not prove an essential element of his claim, that Lyons owed a duty to him. Upon such a showing, the burden of production shifted to Lee, the nonmoving party, to show a genuine issue of material fact exists. Lee attempted to create a genuine issue of material fact by asserting that the construction performed by Lyons was not completed according to plan specifications, and that Lyons should not have been discharged from liability under Tenn. Code Ann. §12-4-503. To support his contention, Lee relied on an unauthenticated portion of a memorandum opinion by Trooper Charles Massengill, who apparently was involved in the investigation of the accident at issue. Attached to the memorandum was a graph that ostensibly shows the differences in elevation of the highway near the accident site, and "depicts how the roadway was projected to be" and "how the roadway actually lays." This document was attached as an exhibit to the complaint as well as to plaintiff's opposition to the motion. It was not, however, introduced through the affidavit or deposition testimony of the trooper or anyone else, and it was not certified or sworn to as required by Tenn. R. Civ. P. 56, which provides for the type of evidence that must be utilized to support or oppose a motion for summary judgment.

Rule 56.06 provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such **facts as would be admissible in evidence**, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. **Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.** The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, **but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine**

-6-

**issue for trial.**  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Expert opinion affidavits shall be governed by Tennessee Rule of Evidence 703.

Tenn. R. Civ. P. 56.06 (emphasis added).

The memorandum and graph relied upon by plaintiff to defeat Lyons' motion are unauthenticated hearsay and not admissible in evidence as contemplated by Rule 56.06.  *See, Cox v. Tennessee Farmers Mut. Ins. Co.,* S.W.3d 237, 246 (Tenn. Ct. App. 2009), appeal denied (Aug. 31, 2009)(citing *Dalton v. Dale,* No. M2002-01205-COA-R3-CV, 2003 WL 726669 (Tenn. Ct. App. Mar 4, 2003); *Price v. Becker*, 812 S.W.2d 597, 598 (Tenn. Ct. App. 1991) (Plaintiffs' documents attached to their memorandum were inadmissible evidence as the documents were not authenticated by affidavit as required by Rule 56.06).

Lee did not raise genuine issues of material fact in his opposition to Lyons' motion for summary judgment.  Accordingly, the Trial Court properly granted summary judgment to Lyons and dismissed plaintiff's complaint.

We affirm the Judgment of the Trial Court and remand, with the cost of the cause assessed to Joshua N. Lee.

_____
HERSCHEL PICKENS FRANKS, P.J.