IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2017

**IN RE JAYDEN R., ET AL.**

**Appeal from the Juvenile Court for Warren County**
**No. 16-JV-736      William M. Locke, Judge**

_____

**No. M2016-02336-COA-R3-PT**

_____

ANDY D. BENNETT, J., dissenting.

The majority opinion dismisses this case due to the failure of Mother and Father to sign the notice of appeal pursuant to Tenn. Code Ann. § 36-1-124(d). I recognize that the majority opinion is based on a prior Court of Appeals decision, but I respectfully disagree with the majority's conclusion.

This case presents a situation that has recently arisen in a multitude of parental rights termination cases – potential dismissal of an appeal based on Tenn. Code Ann. § 36-1-124(d). In 2016, the Tennessee General Assembly passed an act that eventually became codified as Tenn. Code Ann. § 36-1-124(d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." In three cases, the Court of Appeals has ruled that the signature requirement is jurisdictional and that, therefore, the absence of the appellant's signature is cause for dismissal of the appeal. *See In re Gabrielle W*., No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 (Tenn. Ct. App. July 11, 2017); *In re Catherine J*., No. W2017-00491-COA-R3-PT, 2017 WL 3141825, at *4 (Tenn. Ct. App. July 24, 2017); *In re Mya V*., M2016-02401-COA-R3-PT, 2017 WL 3209181, at *3 (Tenn. Ct. App. July 28, 2017).[1]

**Requirements of the Tennessee Rules of Appellate Procedure**

Tennessee Rule of Appellate Procedure 3(f) specifies the content of the notice of appeal:

The notice of appeal shall specify the party or parties taking the appeal by naming each one in the caption or body of the notice (but an attorney

---

[1] Neither of the latter two cases adds anything to the analysis found in *In re Gabrielle W*.

representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X"), shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. The notice of appeal should include a list of the parties upon whom service of notice of docketing of the appeal is required by Rule 5 of these rules. An appeal shall not be dismissed for informality of form or title of notice of appeal.

This general statement of Rule 3(f) is modified by Tenn. R. App. P. 8A(a)(2) as follows: "In addition to meeting the requirements of Rule 3(f) ('Content of the Notice of Appeal'), a notice of appeal in a termination of parental rights proceeding shall indicate that the appeal involves a termination of parental rights case."

### Recent Tennessee Caselaw

*In re Gabrielle W.*, 2017 WL 2954684, at *4, relied on cases and statutes from three states to determine that Tenn. Code Ann. § 36-1-124(d) was jurisdictional and, therefore, that the appeal had to be dismissed. Each of these states, however, presents a different circumstance than Tennessee. Utah Code Annotated section 78A-6-1109 requires the signature of the appellant or "the appeal shall be dismissed." The Utah Rules of Appellate Procedure, in Rule 53(b), basically incorporate the statute. Thus, the appellate rule and the statute are consistent and have been construed as requiring dismissals. *State ex rel. D.E.*, 147 P.3d 462, 463 (Utah 2006). It is interesting to note that the Utah appellate rule also includes a fifteen-day grace period to amend the notice of appeal if certain circumstances are met. UTAH R. APP. P. 53(b). Thus, the appellate rule contains an exception not included in the statute. In Tennessee, the rule does not incorporate the statute but specifically addresses the contents of the notice of appeal in parental rights termination cases.

The South Dakota law relied on in *In re Gabrielle W.* states that "[t]he failure of the appellant and his or her attorney to sign a notice of appeal . . . deprives the Supreme Court of jurisdiction to decide the appeal." S.D. Codified Laws § 15-26A-4. Tennessee's law does not address jurisdiction or the effect of the law at all. Finally, the North Carolina Rule of Appellate Procedure 3.1(a), cited in *In re Gabrielle W.*, provides that, "If the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal . . . ." The notice of appeal is viewed as incomplete if it lacks the appellant's signature. *See In re I.T.P-L.*, 670 S.E.2d 282, 285 (N.C. Ct. App. 2008). Tennessee's rule does not require the appellant's signature on the notice of appeal in a parental rights termination case.

## Interpretation of Tennessee Code Annotated Section 36-1-124(d)

"When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Courts should give effect to every word used in the statute. *Lee Med. Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). We presume that the General Assembly used each word deliberately. *State v. Strode*, 232 S.W.3d 1, 11 (Tenn. 2007). A related notion is that, "The Court will decline to 'read in' language into the statute that the General Assembly did not place there." *Keen v. State*, 398 S.W.3d 594, 604 (Tenn. 2012).

The language of Tenn. Code Ann. § 36-1-124(d) is simple and direct: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Tennessee Code Annotated, section 36-1-124(d) does not say the signature is a jurisdictional requirement, unlike the South Dakota statute cited in *In re Gabrielle W.* Our statute does not say that absent the signature on the notice of appeal it must be dismissed, unlike the Utah statute and appellate rule. Our statute is somewhat like the North Carolina appellate rule, but it is a statute that arguably supplements a rule and is not a court rule itself.

Reading the words in their natural and ordinary sense and without reading in any words not used, it appears that the legislature left the effect of Tenn. Code Ann. § 36-1-124(d), if any, up to the courts.[2]

## Effect of Tennessee Code Annotated Section 36-1-124(d) on the Tennessee Rules of Appellate Procedure

The Tennessee Supreme Court has stated that, "The Tennessee Rules of Civil Procedure, along with Rules of Criminal Procedure and the Rules of Appellate Procedure, are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by this Court and adopted by the General Assembly." *State v. Hodges*, 815 S.W.2d 151, 155 (Tenn. 1991). Thus, it appears from the Tennessee Supreme Court's own words that under appropriate circumstances a

---

[2] If the signature requirement was interpreted to require dismissal or deny jurisdiction, it is possible that constitutional requirements like the right to appointed counsel or to due process might be implicated depending on the circumstances.

statute enacted by the legislature can have the effect of amending rules promulgated by the Supreme Court.[3]

Given that Tenn. Code Ann. § 36-1-124(d) does not contain a penalty or require the courts to do anything, it would appear that it would not "strike at the very heart of a court's exercise of judicial power," *State v. Mallard*, 40 S.W.3d 473, 483 (Tenn. 2001), or "frustrate or interfere with the adjudicative function of the courts." *Underwood v. State*, 529 S.W.2d 45, 47 (Tenn. 1975). As such, it would not violate the separation of powers provisions of the Tennessee Constitution. TENN. CONST., Art. II, Secs. 1 & 2.

The existence of Tenn. Code Ann. § 36-1-124(d) does create some practical difficulties. Having rules of appellate procedure in statutes as well as in appellate rules makes it more difficult for appellate practitioners to locate all the rules they are expected to follow. "A principal purpose of the Rules of Appellate Procedure is to bring together in one place a simplified, coherent, and modern body of law." *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) (citing Advisory Commission Comments to Tenn. R. App. P. 1). The statute also destroys the uniform nature of notices of appeal, which could create confusion. Furthermore, Tennessee Rule of Appellate Procedure 8A, which specifically addresses appeals of termination of parental rights cases, makes no mention of Tenn. Code Ann. § 36-1-124(d) in the text or comments. In addition, Form 1 in Appendix A to the Tennessee Rules of Appellate Procedure, a sample notice of appeal, does not reflect the existence of Tenn. Code Ann. § 36-1-124(d) and neither does the sample notice of appeal form on the website of the Administrative Office of the Courts. *See* http://www.tsc.state.tn.us/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf. Thus, it appears that our rules and forms may be misleading as to notices of appeal in parental rights termination cases.

Based on the language of Tenn. Code Ann. § 36-1-124(d) and the absence of change or comment in Tennessee's court rules, I conclude that the statute is not jurisdictional. Therefore, I respectfully dissent. Noncompliance with Tennessee Code Annotated, section 36-1-124(d) should not lead to an automatic dismissal for lack of

---

[3] Of course, the Supreme Court has also said that, "[o]nly the Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state, and this inherent power 'exists by virtue of the [Constitution's] establishment of a Court and not by largess of the legislature.'" *State v. Mallard*, 40 S.W.3d 473, 480-81 (Tenn. 2001) (citations omitted) (quoting *Haynes v. McKenzie Mem'l Hosp*., 667 S.W.2d 497, 498 (Tenn. Ct. App. 1984)).

jurisdiction. Rather, the appellate courts should look at the entire circumstances regarding the failure to sign to determine the appropriate court action, if any.

_____
ANDY D. BENNETT, JUDGE